TABOR AND NORTHERN RAILWAY COMPANY, Appellant, v. JOHN DYSON *et al.*, Appellees.

Incorporated Towns: ANNEXATION OF TERRITORY: COUNTY LINES. An incorporated town situated on the border of a county cannot by proceedings under chapter 10 of the Code, annex contiguous territory in an adjoining county.

*Appeal from Mills District Court*—Hon. H. E. Deemer,
Judge.

Friday, October 14, 1892.

Mandamus to compel the defendants as members
of the board of supervisors to levy a tax. Judgment
for the defendants, and the plaintiff appeals.—
*Affirmed.*

*Harl & McCabe* and *Geo. E. Draper*, for appellant.

*E. B. Woodruff*, for appellees.

Granger, J.—The incorporated town of Tabor
originally embraced two half sections of land, lying
contiguous, so as to form a plat one mile square. The
town thus organized was in the county of Fremont,
bordering on the line adjacent to Mills county. The
following is a part of chapter 47 of Acts of the Sixteenth
General Assembly:

"Section 1. That in addition to the methods now
provided by law, any city in this state may have its
limits enlarged in the manner herein prescribed.

"Section 2. The city council may fix the bound-
aries of the city as enlarged to the proposed extent,
which boundaries shall, as far as practicable, be ter-
minated by straight lines drawn parallel, respectively,
to the corresponding lines of the government survey.

"Section 3. The question of making such exten-
sion must then be submitted to the vote of all the
qualified electors inhabiting the whole city as thus
proposed to be enlarged. *  *  *  "

The chapter then makes provision for the submis-
sion of the question of annexation to the people. The
act that is amended by chapter 169 of Acts of the Sev-
enteenth General Assembly, was to include within its
provisions incorporated towns. Under this statute the

town council of Tabor took the necessary steps for the annexation to the town of the southeast quarter of section thirty-three, and the southwest quarter of section thirty-four, township seventy-one, range forty-two in Mills county. The defendant John Dyson and his codefendants are members of the board of supervisors of Mills county. In 1889, under statutory provisions therefor, the town of Tabor voted to levy a tax of five per cent. on the assessable property of the town, and a proper certificate was filed with the auditor of Mills county, and the road for which the aid was voted was constructed. The petition recites the facts, and adds that the board of supervisors of Mills county refuses to levy a tax as by law provided, and asks that a writ of *mandamus* issue compelling it so to do. A demurrer to the petition presents the question of the legality of the annexation.

The contention is as to the authority of an incorporated town, situated on the border of one county, by such a proceeding to annex contiguous territory in an adjoining county. The following is section 421 of the Code, and has reference, as will be seen, to the original organization of incorporated towns: "When the inhabitants of any part of any county not embraced within the limits of any city or incorporated town shall desire to be organized into a city or incorporated town, they may apply by petition in writing, signed by not less than twenty-five of the qualified electors of the territory to be embraced in the proposed city or incorporated town, to the circuit [district] court of the proper county, which petition shall describe the territory proposed to be embraced in such city or incorporated town, and shall have annexed thereto an accurate map or plat thereof, and state the name proposed for such city or incorporated town, and shall be accompanied with satisfactory proofs of the number of inhabitants within the territory embraced in said limits."

Sections 422–425 provide for the submission of the
question of incorporation to the voters, ascertaining
the result, etc.    By these provisions it will be seen that
original organizations of such towns are limited to cases
in which "the inhabitants of any part of any county"
are desirous of doing so, and that an incorporated town
cannot be made originally to consist of parts of two
counties.    The statute contains several provisions as to
annexation of abutting or contiguous territory to
municipal corporations, but these provisions are with-
out any words indicating an enlargement or restriction
of the words used in the provisions for original incor-
poration in respect to the county where the territory is
situated.

It should be borne in mind that we are dealing
alone with the question of annexing contiguous terri-
tory at the instance of the corporation, and not at the
instance of the inhabitants of the territory proposed to
be annexed.    Municipal government is in many respects
allied to and carried on in connection with county
government.    Significant in this respect are the assess-
ment and collection of taxes, the jurisdiction of mayors
of such corporations, the latter having, by virtue of
their offices, jurisdiction both civil and criminal, the
latter being "coextensive with the county in which
such city or town is situated."    Code, sec. 506.    This
provision giving such jurisdiction to mayors seems to
contemplate by its language that a city or town will be
situated in one county.    It is not easy to understand
that the law contemplates, where some city or town
situated in two counties elects its mayor residing in a
county in which but a small part of the city or town is
situated, that it has elected a judicial officer for that
county.    Before such a construction is given the law,
the legislative intent to that effect should be clearly
manifest.    One who will review the details and forms
of municipal and county government will readily see

the difficulties and confusion to result from such a situation. The act permitting original incorporation limits the organization to "the inhabitants of any part of any county," and we think a fair construction of the provisions for annexation means that extensions may be made within the county. No reason exists, to our minds, why there should be a limitation at the original organization of, an incorporation to a part of one county, and then permit it, by annexation, to embrace parts of two or more counties. The reasons against such an organization are as actual and manifest in one case as in the other.

Some space is devoted in argument to showing the necessity for incorporations because of the demands of "dense populations" for local self-government. The argument, to the extent of its application, is forcible. The necessity for such governments exists, and will continue to, but that there is a demand for such governments to embrace territory of two counties is not apparent. We are not aware of another instance in which it is desired, nor is there in view any prospective emergency. The rule that municipal corporations are to be constituted of a part of one county has prevailed throughout the growth and prosperity of our cities and towns, and we think the people can safely trust to the legislative will for such changes as the good of the future shall require. See chapter 6 of Acts of the Twenty-fourth General Assembly, enacted since the commencement of this action. The entire vote on the question of annexation in the present case was forty-eight. It is not a case in which our construction can be said to deny a dense population the necessary facility for local self-government, nor in which there are equitable demands for a different construction of the statutory provisions. To our minds, the judgment of the district court reflects the true spirit of the law, and its judgment is AFFIRMED.