THE TABOR & NORTHERN RAILWAY COMPANY, Appellant,
v. S. F. McCORMICK.

**Written Subscription to Railway Stock.** Where a subscription
is payable when cars are running and the road is completed from a
certain town, and it is completed from a point nine hundred and fifty
feet from the limits of that town, evidence as to the accessibility of
this terminus and its being satisfactory to the public is inadmissible.
(2)

**Construction of Agreement by Defendant.** So is testimony
that defendant, having been promised money for land to be payable
when the road was completed from that town, had demanded the
money. (2)

**Compliance with Agreement: Good Faith.** Where the road
also built a track from its main line to said town in which it built a
platform, it should have been permitted to show, on the issue of good
faith, what it had done in accommodating passenger traffic and that
all demands of business at that point had been complied with. (2)

**SAME.** On that issue it was proper to admit statements of plaintiff's
president as to whether the extension was expected to be permanent
and, *per contra*, that the lease of the ground for the extension was
for but a year. (2)

**SAME.** While plaintiff was not required to place all its terminal facilities
within said town, it was its duty to arrange for the doing of its prin-
cipal business at a point therein. Placing its principal place of busi-
ness just outside so as to attract the principal business of the town
from the agreed terminus, would defeat the very object of the sub-
scription. (3)

**Variance by Parol.** Parol promises and representations inducing a
written subscription, can not vary the writing where there is neither
plea nor proof of fraud. (3)

*Appeal from Fremont District Court.*—HON. N. W.
MACY, Judge.

THURSDAY, FEBRUARY 8, 1894.

ACTION in two counts to recover on two written
subscriptions made by the defendant to the capital
stock of said company, "to be paid when railroad is
completed and cars running from Tabor to Malvern,

Iowa." Plaintiff alleges compliance with said condition, that defendant refuses to pay, and makes profert of the certificates of stock, and asks to recover. Defendant answers that it is provided in plaintiff's articles of incorporation that the road should be built "from within the corporate limits of Tabor, Fremont county, Iowa," that he made said subscriptions upon the agreement, understanding, and representations that the road would be so completed and operated, and denies that it has been so completed and operated. The defendant also set up a counterclaim for rent that is not disputed. The case was tried to a jury, and a verdict returned for the defendant. Plaintiff appeals.—*Reversed.*

*George E. Draper* for appellant.

*A. R. Anderson* and *W. E. Mitchell* for appellee.

GIVEN, J.—I. The following facts are unquestioned: The articles under which plaintiff is incorporated show that it was incorporated "to construct a railroad from within the corporate limits of Tabor, Fremont county, Iowa, to either Hillsdale, Malvern, or Glenwood." Defendant's subscriptions are conditioned "to be paid when the railroad is completed and cars running from Tabor to Malvern." The north line of the town of Tabor, as originally incorporated, was on the county line between Fremont and Mills counties. The plaintiff completed, and has since continuously operated, its road from a point in Mills county, about nine hundred and fifty feet north of the county line, about one hundred and fifty feet east of the continuation of Main street, in the town of Tabor, and about two thousand, one hundred feet from the business center of the town, in a northeasterly direction, to the town of Malvern. At the point named, the plaintiff constructed a depot, a turntable, engine house, and other terminal facilities. Afterwards, in 1890, the

plaintiff constructed a track from a point on its main line about fifteen rods east of said depot, in a southwesterly direction, to a point in Fremont county, and within the original limits of the town of Tabor. A platform was constructed at the end of this new track, and some business transacted there. Prior to the time the defendant made his subscriptions, steps had been taken to extend the limits of the town of Tabor over certain adjoining territory in Mills county, including that where said depot and terminal facilities were located, and a proclamation had been issued by the mayor declaring said territory duly annexed to the town. Since the trial of this case below, this court held said proceeding to be illegal. *Railway Co. v. Dyson*, 86 Iowa, 310, 53 N. W. Rep. 245.

Plaintiff contends that the completion and operation of the road from the point where said terminal facilities were located in Mills county was a compliance with the condition upon which the subscriptions were payable; also, that, if said completion and operation was not a compliance, that the construction and operation of the extension to the point within the limits of Tabor, and into Fremont county, was a compliance with said condition. Defendant contends that, under the articles of incorporation and the language of his subscriptions, said subscriptions are only payable when the road is completed and operated from a point in Fremont county within the corporate limits of the town of Tabor, and that the completion and operation of the road from the point in Mills county was not a compliance with the condition. He also contended, on the trial, that the attempt to extend the limits of the town was illegal, and did not bring the original terminal within the conditions nor within Fremont county, and that said extension of the road was not made in good faith, and was not completed and operated as contemplated in the contract. He also claims that he was

induced to sign said subscriptions upon representations of the plaintiff's officers that the depot and termini were to be located in Fremont county, within the limits of the town of Tabor.

II. Plaintiff's first complaint is of certain rulings in the taking of testimony. The rights of these parties must be measured by their contract. There was no error, therefore, in refusing evidence as to the accessibility of the original termini, or as to whether or not it was satisfactory to the public. Plaintiff sought to prove what it had done in the way of receiving and delivering passengers and freight, as requested or necessary to be delivered, at the terminus in Fremont county, and that all the demand for business at that point had been complied with. To these questions, defendant's objections were sustained. If the extension of the road into Fremont county was in good faith, and as contemplated by the contract, it was a compliance with the conditions as claimed by the defendant. Whether or not that extension was made in good faith was a question in the case upon which evidence was introduced as to the manner in which the track was constructed, and the conveniences provided, at the point in Fremont county. We think this evidence should also have been admitted. For the same reason, there was no error in admitting, over plaintiff's objection, the statements of the president of the road as to whether said extension was expected to be continued, nor the evidence that said track was laid upon ground leased for a period of one year. Plaintiff complains that on cross-examination of the defendant it was not permitted to show by him that he had contracted to deed property upon the completion of the road from Tabor to Malvern, and to receive an extra one hundred dollars when so completed, and that he had demanded the money, insisting that the road was so completed. There was no error in excluding this evidence. What

was required of the plaintiff is to be determined by the contract as written, and not by contracts of the defendant with other persons. Such contracts are too remote, and defendant's construction of them was not evidence against him in this case.

III.    The court properly instructed that the parties are presumed to have contracted with reference to the articles of incorporation, and construed the subscriptions, in the light of the articles, as requiring the termini to be within the corporate limits of the town of Tabor, "unless conditions were attached thereto other than therein expressed." The court submitted the question whether, prior to the execution and delivery of the subscriptions, the plaintiff's officers or agents represented to defendant that the road would be built and operated from a point in Fremont county, within the limits of the town of Tabor, and instructed that, if such representations were made and relied upon, they became conditions of the subscriptions, and that in that case the plaintiff must show compliance therewith. We think it was error to submit this question, and to so instruct. The contract was in writing, and could not be varied by preceding representations, unless fraudulently made. There is neither allegation nor proof that the alleged representations were fraudulently made. The court also instructed that, if the termini were to be in Fremont county and in Tabor, "it would not be required to place all its terminal facilities for said town at such point, but it would have to so build and operate its road, and so arrange its terminal facilities, as that the principal business and traffic of said road at the station for said town would be transacted at a point within its corporate limits in said county." There was no error in this instruction. For plaintiff to maintain a depot just outside the corporate limits so as to attract the principal business of the town from the agreed termini would defeat the very object of the condition. For the reasons stated, the judgment is REVERSED.