THE KANSAS TOWN AND LAND COMPANY V. THE CITY OF SMITH CENTER, AND J. M. ALLEN, *County Treasurer of Smith County.*

**No. 215.**

1. LAWS 1891, CH. 246—*constitutional.* Chapter 246, Laws of 1891, p. 389, entitled "An act to vacate certain town sites and portions of certain town sites in the State of Kansas, therein named," is constitutional.

2. ———— *certain portions of Smith Center vacated under:* Under the provisions of section 16, chapter 246, Laws of 1891, p. 391, the streets, alleys, lots and blocks in the town of Smith Center, Smith County, Kansas, which lie south of Court Street, east of Brandon Street, and north of the right of way of the Chicago, Kansas & Nebraska Railway Company, and also all that portion of said addition which lies south of the right of way of the Chicago, Kansas & Nebraska Railway Company and east of Jefferson Street, and also all that portion of said addition which lies east of Monroe Street, are vacated.

3. LAWS 1893, CH. 66—*constitutional.* Chapter 66, Laws of 1893, p. 92, entitled "An act providing for the change of boundaries of cities," is constitutional.

4. ———— *certain portions of Smith Center excluded from corporate limits by, and city cannot tax.* Under the provisions of

chapter 66, Laws of 1893, p. 92, all that part of the Chicago, Kansas & Nebraska Addition to Smith Center, Smith County, Kansas, which lies south of Court Street, east of Brandon Street, and north of the right of way of the Chicago, Kansas & Nebraska Railway Company, and also all that portion of said addition which lies south of the right of way of the Chicago, Kansas & Nebraska Railway Company and east of Jefferson Street, and also all that portion of said addition which lies east of Monroe Street, are excluded from the corporate limits of the said City, and are not subject to taxation for city purposes therein.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed November 15, 1897. *Reversed.*

*M. A. Low* and *W. F. Evans,* for plaintiff in error.

*L. C. Uhl* and *W. R. Myers,* for defendants in error.

McElroy, J. This action was brought in the court below by the plaintiff in error to enjoin the collection of certain taxes levied and assessed against lands owned by it, situated in Smith County. The case was tried upon an agreed statement of facts. From the pleadings and agreed statement of facts, it appears that, on the ninth day of August, 1887, the plaintiff in error, which was the owner of the land in question, subdivided the same into lots, blocks, streets and alleys, and caused it to be platted as the Chicago, Kansas & Nebraska Addition to the City of Smith Center. The land was then included within the corporate limits of that City. The Legislature passed an act, approved March 10, 1891 (Laws 1891, p. 389), entitled, "An act to vacate certain town sites and portions of certain town sites in the State of Kansas, therein named." The sixteenth section of the act reads as follows :

" Sec. 16. That all that part of the Chicago, Kansas & Nebraska addition to Smith Center, in the

254    Town Co. v. City of Smith Center.

N. Dept.        Opinion.   McElroy, J.        6 Kan. App.

county of Smith, State of Kansas, which lies south of
Court Street, east of Brandon Street and north of the
right of way of the Chicago, Kansas & Nebraska
Railway Company, and also all that portion which
lies south of the right of way of the Chicago, Kansas
& Nebraska Railway Company and east of Jefferson
Street, and also all that portion of said addition which
lies east of Monroe Street, together with the lots,
blocks, streets and alleys thereof, be and the same are
hereby vacated."

The portion of said addition vacated by said Act, and
lying north of the right of way of the Chicago, Kan-
sas & Nebraska Railway Company, is contiguous ter-
ritory, and contains about ten acres of land ; and that
part vacated, lying south of the right of way and east
of Monroe and Jefferson streets, is in one body and
contains about eighty acres.    These two tracts are the
land in question.    In the year 1893, the Legislature
passed an act entitled, "An act providing for the
change of boundaries of cities," approved March 13,
1893 ( Laws 1893, p. 92).    The act reads as follows :

"Section 1.  Where any town site, or portion of a
town site, containing more than five acres, has been
heretofore vacated by the board of county commis-
sioners or by act of the legislature, and such town
site, or a portion of a town site, is a part of a city of
the first, second or third class, and included within
the corporate limits of such municipal corporation,
then, from and after the passage of this act, the town
site, or portion of a town site containing more than
five acres, thus vacated, shall no longer be a part of
such municipal corporation, nor included in the cor-
porate limits thereof.

"Sec. 2.  If any town site, or portion of a town site
containing more than five acres, shall hereafter be
vacated by the board of county commissioners or by
act of the legislature, and such town site, or portion
of a town site, is at the time a part of the city of the
first, second or third class, the act of vacation thereof

Town Co. v. City of Smith Center.     255

Nov. 15, 1897.        Opinion.   McElroy, J.              C. Div.

shall of itself detach the same from such municipal corporation, and it shall no longer be a part of such city, nor included within the corporate limits thereof.''

During 1894, the City of Smith Center, a city of the third class, levied, in addition to the other taxes, a tax amounting to eighteen mills on the dollar on the taxable property in said City, and caused the same to be certified to the county clerk. Said tax was for the purpose of paying interest on certain bonds, known as water-works bonds and railroad bonds, issued by Smith Center before the passage of the act in question. The county clerk entered this tax on the tax rolls and charged the same, amounting to $17.29, to the land vacated by the act of March 10, 1891, and excluded from the corporate limits of the City by the act of March 13, 1893. The tax rolls were delivered to the County Treasurer of said county, who was attempting to collect the same when this action was brought. The trial court held the two acts unconstitutional, refused the injunction, and rendered judgment against the plaintiff. A motion for a new trial was filed and overruled, and the plaintiff brings the case to this court for review.

The disposition of this case depends upon one question : Are these acts of the Legislature constitutional? If this question should be answered in the affirmative, the collection of the tax should be enjoined. It is contended that the Act of March 10, 1891, is unconstitutional and void ; that the Act is in contravention of sections 1 and 5, of article 12, of the Constitution ; that the Act is general in form, but special in fact — general in letter, but special in spirit. This contention, we think, is not tenable.

In the case of *City of Eudora v. Darling* ( 54 Kan. 654 ), a statute similar to the Act of March 10, 1891,

256     Town Co. v. City of Smith Center.

N. Dept.                Opinion.   McElroy, J.              6 Kan. App.

was held valid and constitutional.   In the year 1889, the Legislature passed an act entitled, "An act to vacate portions of certain town sites in the State of Kansas therein named" (ch. 261, Laws 1889, p. 400), by which certain streets and alleys in the city of Eudora were vacated.   The court held the Act constitutional. Chief Justice Horton, in delivering the opinion of the court, said :

"It is insisted that the territorial act of incorporation invested the inhabitants of Eudora with rights of property of which they could not be divested without their consent, and therefore that section 61 of chapter 261, Laws of 1889, vacating the streets in controversy, is of no force or validity, because it attempts to affect corporate powers granted by the territorial legislature, and also attempts to annul vested rights legally conferred.   The streets and alleys laid out and established in Eudora were open for travel to the public.   The legislature, as the representative of the public, has full power over the streets and alleys of a city to vacate the same. *Railroad Co. v. Garside*, 10 Kan. 552; *Heller v. Railroad Co.*, 28 id. 625.   Therefore, when the city of Eudora dedicated to public use its streets and alleys, it granted to the legislature, as the representative of the public, control thereof.   Section 61 of chapter 261, Laws of 1889, does not interfere with corporate privileges or vested rights."

It is contended that the Act of March 13, 1893, is unconstitutional and void.   This Act provides, in substance, that when any town site or portion of a town site, in any city of the first, second or third class, shall have been vacated by the board of county commissioners, or by an act of the Legislature, the portion thus vacated, if it contains more than five acres, "shall no longer be a part of such municipal corporation, nor included in the corporate limits thereof." This Act is general, applies to all cities in the State — there being none other than cities of the first, second

TOWN CO. v. CITY OF SMITH CENTER.    257

Nov. 15, 1897.        Opinion.   McElroy, J.             C. Div.

and third class — and has a uniform operation.   This Act is general in form, and may be made applicable to all cities when a certain condition of things exists.   It is not necessary that the law should operate upon all cities of the State, to be constitutional.   If it is general and uniform throughout the State, operating upon all who are brought within the relations and circumstances provided for in the Act, it is not obnoxious to the limitation against special legislation.

This Act is general in form, and operates not only upon all cities brought within the relations and circumstances specified therein at the time of its passage, but it is prospective in its operation, and operates generally and uniformly throughout the State, upon all cities which may at any time in the future come within its provisions.   It is sufficient if it applies to all of a certain class, and it belongs to the Legislature to make the classification.   *The State, ex rel., v. Hunter,* 38 Kan. 578.   The Act of March 10, 1891, by which the addition was vacated, and the Act of March 13, 1893, by which this land was excluded from the corporate limits of the City, are constitutional and valid.

From what we have said, it follows that the trial court erred in refusing the injunction and in rendering judgment against the plaintiff.   The judgment should have been for the plaintiff and against the defendants. The case will be remanded with direction to the trial court to sustain the motion for a new trial, and for further proceedings not inconsistent with the views herein expressed.