THE KANSAS TOWN COMPANY v. M. G. McLEAN, *as County Treasurer*.

### No. 307.

1. VACATION OF TOWN SITE—*Act Concerning, not Unconstitutional*. We adhere to our ruling announced in *Town Co. v. City of Smith Center*, 6 Kan. App. 252 (51 Pac. Rep. 801), that chapter 66, Laws of 1893, does not violate any constitutional provision.

2. ——— *Invalid Action of County Board—Operation of Statute*. In 1884 the board of commissioners of Wyandotte county, under the provisions of chapter 115a (¶¶ 7179–7184), General Statutes of 1889, made an order vacating the streets, alleys, lots and blocks comprising the land in controversy, then being an addition to the city of Argentine. The legislature, by chapter 66,

Laws of 1893, provided that where this had been done with respect to any portion of a town site, being a part of a city of the first, second or third class, such land, from and after the passage of the act, should no longer be a part of the municipal corporation. The fact that such action of the board of county commissioners was invalid by reason of the construction of chapter 115a, announced by the supreme court in *City of Ottawa v. Rorhbough*, 42 Kan. 253 (21 Pac. Rep. 1061), does not prevent the operation of the statute of 1893; and, upon the passage of that act, the land in controversy ceased to be a part of the municipality of the city of Argentine and ceased to be subject to taxation therein.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed May 4, 1898. Reversed.

*Thomas J. White*, for plaintiff in error.

*H. J. Smith*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This action was brought in the district court of Wyandotte county to restrain the collection of a tax levied by the city of Argentine upon the lands of the plaintiff in error, under the contention that the land was not within the corporate limits of the city.

This land had been platted as an addition to the city of Argentine, and was at one time within the city limits and subject to taxation therein. In 1884 the board of commissioners of Wyandotte county, under the provisions of chapter 115a (¶¶ 7179–7184), General Statutes of 1889, being the act of March 14, 1877, made an order vacating the streets, alleys, lots and blocks comprising this land, and it was thereafter treated by the city as unplatted land and taxed as one entire tract. In 1893 the legislature passed an act—chapter 66, Laws of 1893—providing

that, where a portion of a town site had been theretofore vacated by a board of county commissioners, and such portion of a town site was a part of a city of the first, second or third class and included in the corporate limits of such city, the land thus vacated, from and after the passage of the act of 1893, should no longer be a part of such municipal corporation, but should be excluded from the corporate limits thereof.

In 1889, in the case of *City of Ottawa v. Rohrbough*, 42 Kan. 253 ( 21 Pac. Rep. 1061 ), the supreme court decided that by the act of 1877 the Legislature did not intend to confer upon the boards of county commissioners the authority to vacate plats or parts of plats which were within the corporate limits of a city of either of the classes designated by statute, but that the act was only intended to apply to town sites which were not a part of any incorporated city and were not of such a character as to be incorporated under the provisions of law.

The district court held : (1) That the act of 1893 was unconstitutional ; and, (2) that even if constitutional it would not apply to the land in controversy, because of the fact that the board of commissioners had no authority to act in the premises, as decided by the supreme court in the Rohrbough case. These two conclusions of law by the district court are assigned as error.

We have already held in the case of *Town Co. v. City of Smith Center*, 6 Kan. App. 252 (51 Pac. Rep. 801), that this act of 1893 does not conflict with any of the constitutional provisions of the state.

It is contended, however, by the defendant in error, that the act violates the provisions of the constitution of the United States forbidding legislation impairing the obligation of existing contracts. The city does

not and cannot occupy the relation of creditor to itself. In other words, the city is in no condition to urge this contention. It will be sufficient to determine this question when it properly arises between parties and under facts warranting its consideration.

We are of opinion that when the legislature, in 1893, passed this act, they knew of this decision and knew that the boards of county commissioners could have no legal authority to make such an order as contemplated by the act. However, this would not prevent the legislature from recognizing the action of the board as a fact upon which to base this legislation. It becomes, in the construction of that act, an immaterial matter whether the action of the board of commissioners was valid or invalid. The legislature used this and other facts as conditions precedent upon which the operation of the law should depend. There can be no question of the right to do so. The question of the validity of the act of the board is not the subject-matter of investigation. The question is, Does the property in controversy come within the terms of the act? If so, the land was taken out of the corporate limits of the city and was not subject to taxation therein.

. We conclude that the district court erred in holding that the law of 1893 did not apply to the land in controversy, and its judgment must be reversed, and the case remanded with direction to proceed in accordance with the views herein expressed.