Davenport v. Ham.

W. L. DAVENPORT v. W. B. HAM.

No. 14,199.    (83 Pac. 398.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Boundaries*—*Special Act*. The boundaries of a city cannot be changed by a special act of the legislature.

2. CONSTITUTIONAL LAW—*Corporate Powers*—*General Statute Authorizing Special Laws*. A general statute which attempts to confer upon special laws subsequently passed the effect of changing the boundaries of cities violates section 1 of article 12 of the constitution, and is void.

Error from Rooks district court; CHARLES W. SMITH, judge. Opinion filed November 11, 1905. Reversed.

*S. N. Hawkes*, for plaintiff in error.

*W. B. Ham*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: W. B. Ham obtained a perpetual injunction against W. L. Davenport, treasurer of Rooks county, restraining him, as treasurer, from selling certain lands in Wood's addition to the city of Stockton for the unpaid city taxes for 1902.

The only question that we are called upon to determine is the constitutionality of section 636 of the General Statutes of 1901 (Laws 1893, ch. 66, § 2), which reads:

"If any town site, or portion of a town site contain-

ing more than five acres, shall hereafter be vacated by the board of county commissioners or by act of the legislature, and such town site, or portion of a town site, is at the time a part of a city of the first, second or third class, the act of vacation thereof shall of itself detach the same from such municipal corporation, and it shall no longer be a part of such city, nor included within the corporate limits thereof."

The lots, blocks, streets and alleys in Wood's addition to the city of Stockton, containing more than five acres, were vacated by chapter 326 of the Laws of 1895. It is contended by the defendant in error that by the provisions of section 636, *supra*, the land in which the streets and alleys were vacated by chapter 326, *supra*, was thereby detached from the city, and thereafter was not subject to the payment of city taxes.

Section 1 of article 12 of our constitution reads: "The legislature shall pass no special act conferring corporate powers." It has been determined in this state that this provision includes municipal corporations. (*City of Wyandotte v. Wood*, 5 Kan. 603; *Atchison v. Bartholow*, 4 Kan. 124; *Gray v. Crockett*, 30 Kan. 138, 1 Pac. 50.) It has also been held that an act changing the boundaries of a city is an act conferring corporate powers. (*Gray v. Crockett, supra; Comm'rs of Shawnee Co. v. The State, ex rel.*, 49 Kan. 486, 31 Pac. 149.)

Chapter 326 of the Laws of 1895 is a special act, and could not change the limits of the city of Stockton. It could only have such effect in conjunction with section 636 of the General Statutes of 1901. There can be no doubt that it was the intention of the legislature that section 636 should operate to detach from the corporate limits of any city in Kansas all territory in which the lots, blocks, streets and alleys should thereafter be vacated.

It is a rule of construction that where several statutes have been enacted relating to the same subject

they should be construed together and harmonized, and each given the meaning intended by the legislature. The two statutes under consideration should be so construed. If section 636 should be given the force intended, the legislature could change the boundaries of a city by special act. It would thus accomplish by indirection that which the constitution has imperatively forbidden. The legislature cannot enact a law that will give to it the power subsequently to violate the constitution. It cannot without violating this provision of the constitution enact a law the purpose and effect of which is to give to special acts subsequently passed the force and effect of changing the corporate limits of cities. Chapter 326, being special, cannot be broadened nor converted into a general law conferring corporate powers by the provisions of any previously existing law. It has just been held in *Levitt v. Wilson, ante,* p. 160, that section 109 of chapter 529 of the Laws of 1903, which undertook to withdraw certain lands from the corporate limits of the city of Wilson, violated sections 1 and 5 of article 12 of the constitution, because it was a special act and contemplated the change of the corporate limits of a city. Section 636 of the General Statutes of 1901 is a plain attempt to evade this constitutional provision by providing that its provisions shall be read into all special acts subsequently passed vacating streets and alleys. It is therefore unconstitutional so far as it attempts to confer upon special acts of the legislature subsequently passed the effect of a general law granting corporate powers.

We might rest this case here, but it is urged that section 636 was held to be constitutional in *Town Company v. City of Smith Center,* 6 Kan. App. 252, 51 Pac. 801, which was affirmed by this court, and also in *Town Company v. McLean,* 7 Kan. App. 101, 53 Pac. 76. An examination of those cases will disclose that section 636 was not involved in either. The streets and alleys in the lands involved in those controversies had

been vacated prior to the passage of the act of 1893. The question presented in those cases was the constitutionality of section 635 of the General Statutes of 1901. Whatever might be the judgment of the court upon the constitutionality of that section, it is not involved in this case, and we have no occasion to pass upon it.

The judgment is reversed and the cause remanded, with instructions to set aside the permanent injunction.

All the Justices concurring.