THE PORTSMOUTH SAVINGS BANK V. WILLIAM C. SMITH *et al., as Mayor and Council, etc.*

No. 14,540.     (86 Pac. 462.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Extension of Boundaries into Another County.* The statute (Gen. Stat. 1901, § 1172) authorizing cities of the third class to annex adjacent tracts of land by ordinance, when construed in connection with that relating to the organization of such cities from territory lying in different counties (Gen. Stat. 1901, §§ 1179-1183) empowers a city lying in one county to extend its boundaries into another.

Original proceeding in mandamus. Opinion filed July 6, 1906. Peremptory writ allowed.

*C. F. Mead,* for plaintiff.

*Herrick & Herrick,* for defendants.

The opinion of the court was delivered by

MASON, J.: The Portsmouth Savings Bank seeks by mandamus to require the mayor and council of the city of Geuda Springs, a city of the third class, to levy a

tax to pay a judgment it holds against that municipality. An alternative writ has been issued and an answer filed. The case is submitted upon these pleadings and an agreed statement of facts.

The parties practically agree that a tax levy should be ordered, but differ as to its amount and as to the territory to which it should be made applicable. The plaintiff asks that the levy be extended against the property within various additions which it asserts are a part of the city, but which the defendants refuse to recognize as such.

Several of the tracts in controversy appear to have been taken into the corporation by ordinances seemingly regular and valid, but the objection is made that there is no affirmative showing that the conditions existed which gave the council jurisdiction to take such action—for instance, that the tracts adjoined the city and had been subdivided into town lots. No such showing was necessary under the pleadings. The writ alleged that the land in question was within the corporate limits. The answer did not deny this. So far as the facts agreed to related to the matter at all they tended to support the allegation. If they failed to establish it conclusively the omission was not important. They did not entirely supersede the pleadings, but merely took the place of evidence. The plaintiff was entitled to the benefit of any allegation in his writ that was not denied by the answer and was not inconsistent with any portion of the agreed statement.

The city of Geuda Springs as originally incorporated lay wholly within Sumner county. In 1887 an ordinance was passed undertaking to extend its limits so as to include adjacent land in Cowley county. The validity of this ordinance is attacked upon the ground that a city situated in one county has no authority to annex territory located in another. The statute (Gen. Stat. 1901, § 1172) gives the council power to enlarge the corporate limits, and its operation is not by its terms restricted by county lines. The extension of a

city across a county boundary is so unusual, and is attended with such manifest practical inconveniences growing out of the relation of the municipal and county governments, that an intention to authorize such an act should not be lightly inferred from the use of general language, but should be evidenced by express terms or by the clearest implication. (*T. & N. R'y Co. v. Dyson,* 86 Iowa, 310, 53 N. W. 245.)

Up to 1884 there seems to have been no express provision for the existence of a city lying partly in each of two or more counties. Chapter 7 of the laws of the special session of that year (Gen. Stat. 1901, §§ 1179-1183) provided for the creation of such cities by original incorporation, but contained no direct reference to the addition of territory in one county to a city already in being in another. This act specified how the machinery of the taxation and *quasi*-criminal laws should be adapted to the situation so established. It can hardly be thought that the legislature intended to authorize the creation of a municipality lying partly in each of two adjoining counties and to forbid the extension into one of such counties of a city already existing in the other, or to establish a method of collecting taxes and trying appeals from police court convictions in the case of any city situated in more than one county which should not be applicable to all cities of the same class so situated. Construing together the statutes relating to the organization and to the enlargement of cities of the third class, we think they must be deemed not to restrict the growth of such a city to one county, but to authorize the taking in of adjacent territory even although located in another county, and to provide for the adaptation of the general laws to the resulting situation. We conclude that the ordinance attempting to annex the territory lying in Cowley county was valid.

Several additions to the city, each containing more than five acres, have been vacated by special act. The

15—74 KAN.

defendants claim that by virtue of section 636 of the General Statutes of 1901 such vacation had the effect to place these tracts outside of the corporate boundaries. This section has heretofore been held to be unconstitutional, and the contention therefore fails. (*Davenport v. Ham,* 72 Kan. 179, 83 Pac. 398.)

It is difficult to arrive at a just estimate of the size of the levy which should be ordered. One large enough to provide for the payment of the judgment within a few years would be so burdensome as to be impracticable, and would perhaps defeat its own purpose. As an approximation to a fair provision, in view of all the circumstances presented, a levy of fifteen mills will be ordered for the year 1906, a similar levy to be made in each year until the judgment is paid, unless a different order shall hereafter be made, such levies to be extended over all the territory described in the alternative writ.

The defendants having refused to make any levy, the costs of this proceeding will be taxed against them.

All the Justices concurring.