THE CITY OF EUDORA v. THOMAS C. DARLING.

1. TITLE OF ACT—*Vacation of Streets—Valid Statute.* Chapter 261, Laws of 1889, entitled "An act to vacate portions of certain town sites in the state of Kansas therein named," is constitutional.

2. EUDORA—*Certain Streets, Vacated.* Under the provisions of § 61, chapter 261, Laws of 1889, the streets and alleys in the town of Eudora, Douglas county, lying south of Twelfth street, except C, E and Nineteenth streets, are vacated.

*Error from Douglas District Court.*

THE city of Eudora was incorporated by an act of the territorial legislature of the territory of Kansas on the 28th day of February, 1859, and in the corporate limits were embraced all of section 8, except 40 acres taken off the west side, and 200 acres off the south and east side of section 5, township 13, and range 21. This territory was laid off in blocks and lots, with public streets and alleys. The legislature of the state, by § 61, chapter 261, approved March 2, 1889, attempted to vacate a part of the streets and alleys of the territory of Eudora. After the passage of the act of the legislature of 1889 vacating the streets and alleys lying south of Twelfth street, except C, E and Nineteenth streets, the defendant, Thomas C. Darling, obstructed and fenced up the streets, basing his right to do so on the act of the legislature. The city of Eudora sought to enjoin him from so doing, and obtained a temporary restraining order from the district court, which at the trial was dissolved. That ruling of the court is now challenged as erroneous, and the city of Eudora brings the case here to review the judgment.

*G. N. Elliott,* for plaintiff in error.

*J. W. Green,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: I. It is insisted that the territorial act of incorporation invested the inhabitants of Eudora with rights of property of which they could not be divested without their consent, and therefore that § 61 of chapter 261, Laws of 1889, vacating the streets in controversy, is of no force or validity, because it attempts to affect corporate powers granted by the territorial legislature, and also attempts to annul vested rights legally conferred. The streets and alleys laid out and established in Eudora were open for travel to the public. The legislature, as the representative of the public, has full power over the streets and alleys of a city to vacate the same. (*Railroad Co. v. Garside,* 10 Kas. 552; *Heller v. Railroad Co.,* 28 id. 625.) Therefore, when the city of Eudora dedicated to public use its streets and alleys, it granted to the legislature, as the representative of the public, control thereof. Section 61 of chapter 261, Laws of 1889, does not interfere with corporate privileges or vested rights.

II. It is next insisted that chapter 261, Laws of 1889, contains more than one subject, and, therefore, is unconstitutional, because in conflict with § 16 of article 2 of the constitution of the state. The title of the act is: "An act to vacate portions of certain town sites in the state of Kansas therein named." In the body of the act, the streets of various towns or cities are vacated, but, within the prior decisions of this court, the objection to the act is not tenable. (*Weyand v. Stover,* 35 Kas. 545; *Comm'rs of Norton Co. v. Shoemaker,* 27 id. 77; *The State v. Barrett,* 27 id. 213.)

III. It is finally insisted that, as the legislature had previously lodged the power to vacate streets and alleys in the board of county commissioners of a county, such power is exclusive. Chapter 261, Laws of 1889, has provided for

the vacation of certain streets and alleys.    The legislature has the power to do this, and the subsequent statute is operative. The judgment will be affirmed.

All the Justices concurring.