Bull v. Kelley.

JOHN BULL *et al.* (JAMES B. NAYLOR and G. W. HOLLEMBEAK, *Appellants*) V. W. R. KELLEY *et al.*, *Appellees.*

No. 16,757.

SYLLABUS BY THE COURT.

1. CITIES—*Vacation of Blocks and Streets—Change of Boundaries.* Section 15 of chapter 261 of the Laws of 1889, vacating certain specified blocks in the city of Cimarron, and section 67 of the same act, vacating the streets and alleys within the boundaries of vacated blocks, when read together had the effect of vacating solid portions of the town site more than five acres in extent. Section 1 of chapter 66 of the Laws of 1893, excluding from any town site portions thereof more than five acres in extent theretofore vacated by the legislature, applied to such portions of the city of Cimarron and operated to exclude them from the corporate limits of the city.

2. ——— *Special Act Conferring Corporate Power—Stare Decisis.* If the question were a new one, section 1 of chapter 66 of the Laws of 1893, as applied to the facts of this case, would doubtless be held to confer corporate power by special act and consequently to be unconstitutional. Since, however, the section was held to be constitutional in 1899 in the case of *Allen v. Town Co.*, 60 Kan. 857, affirming *Town Co. v. City of Smith Center*, 6 Kan. App. 252, the doctrine of *stare decisis* applies and the former decision will not be disturbed.

Appeal from Gray district court. Opinion filed December 10, 1910. Reversed.

*James B. Naylor*, and *B. F. Milton*, for the appellants.

*Harry Brice, Thomas A. Scates*, and *Albert Watkins*, for the appellees.

The opinion of the court was delivered by

BURCH, J. The appellants, Naylor and Hollembeak, sought to enjoin the collection of taxes levied by the city of Cimarron upon tracts of land owned by them and claimed to be outside the city limits. Some of the land affected was discharged from the levy, and this appeal is taken from the judgment of the district court

holding the remainder to be within the city limits and therefore subject to city taxes.

The initial question is one of statutory interpretation. In 1889 the legislature, by an omnibus act, vacated portions of more than sixty town sites. (Laws 1889, ch. 261.) Section 15 of the act relates to the town of Cimarron, and reads as follows:

"That all that part of the town of Cimarron, Gray county, Kansas, lying west of the west line of Eighth street, also blocks thirty, thirty-one, forty-three, forty-four, forty-nine, fifty-four, fifty-seven, fifty-eight, sixty-two, sixty-three, sixty-four, sixty-five, sixty-six, sixty-seven, seventy, seventy-one, seventy-two, seventy-four, seventy-seven, seventy-eight, eighty-two, eighty-three, eighty-four, and one hundred and three, is hereby vacated."

By section 67 of the same act streets and alleys in the vacated portions of the various town sites affected were also vacated and became the property of the adjacent owners.

In 1893 the legislature passed an act which reads as follows:

"SECTION 1. Where any town site or portion of a town site containing more than five acres has been heretofore vacated by the board of county commissioners or by act of the legislature, and such town site or a portion of a town site is a part of a city of the first, second or third class, and included within the corporate limits of such municipal corporation, then, from and after the passage of this act, the town site or portion of a town site containing more than five acres, thus vacated, shall no longer be a part of such municipal corporation, nor included in the corporate limits thereof. (Laws 1893, ch. 66, Gen. Stat. 1909, § 723.)

"SEC. 2. If any town site or portion of a town site containing more than five acres shall hereafter be vacated by the board of county commissioners or by act of the legislature, and such town site or portion of a town site is at the time a part of a city of the first, second or third class, the act of vacation thereof shall of itself detach the same from such municipal corporation, and it shall no longer be a part of such city, nor

included within the corporate limits thereof." (Laws 1893, ch. 66, Gen. Stat. 1901, § 636.)

The judgment from which the appeal is taken affects ten blocks of those enumerated in section 15 of the act of 1889, owned by appellant Naylor and located as follows: Commencing at the southwest and running east are blocks 67, 66, 65 and 103. North of them, beginning at the west, are 62, 63, 64 and 71. North of 64 and 71 are 49 and 72. The judgment likewise affects five other blocks mentioned in section 15 of the act of 1893, owned by appellant Hollembeak and located as follows: At the northeast is block 43. South of 43 is 44. West of 44 is 57. South of 57 is 58. East of 58 is a block not included in the statute and south of it is 70. All the blocks referred to were 300 feet square. Streets running north and south were 80 feet wide and streets running east and west were 60 feet wide. Because no single block vacated by the act of 1889 contained more than five acres the district court held that none of them was excluded from the town site by the act of 1893.

Section 15 of the act of 1889, vacating blocks, and section 67, vacating streets and alleys within the boundaries of vacated blocks, should be read together. So considered, they did in fact completely vacate a distinct portion of the town of Cimarron, compact in form, containing much more than five acres of land, and composed of blocks 67, 66, 65, 103, 62, 63, 64, 71, 49 and 72, and the streets and alleys within the boundaries of those blocks. The result accomplished by the statute was the same as if it had read "all that portion of the town of Cimarron composed of blocks [naming them], and of the streets and alleys within the boundaries of such blocks, is hereby vacated."

The act of 1893 was intended to apply to conditions as they existed at the time of its passage. It exactly fitted the Naylor tract. That tract constituted a solid portion of the town site of Cimarron, much more than

five acres in extent, which theretofore had been vacated by the legislature. Consequently the tract was excluded from the corporate limits. The same is true of the Hollembeak land, unless block 70 should be excepted. The act of 1893 looks only to units of more than five acres, and not to detached tracts containing a smaller area. Therefore block 70 can not be considered in connection with any land from which it is separated. It is inferable from the abstract, however, that block 70 is attached to other land containing the required quantity which the court held to be excluded from the town site. If this be the fact block 70 ought also to be excluded.

The next question is whether section 1 of the act of 1893, so far as it relates to previous special acts vacating portions of town sites, is essentially a special act conferring corporate power within the meaning of section 1 of article 12 of the constitution. In 1897 the court of appeals of the northern department held this section to be constitutional and valid. (*Town Co. v. City of Smith Center,* 6 Kan. App. 252.) The judgment was affirmed by this court for the reasons stated by the court of appeals. (*Allen v. Town Co.,* 60 Kan. 857, see "Appendix," post.) The material portion of the opinion delivered by the court of appeals reads as follows:

"This act is general, applies to all cities in the state —there being none other than cities of the first, second and third class—and has a uniform operation. This act is general in form, and may be made applicable to all cities when a certain condition of things exists. It is not necessary that the law should operate upon all cities of the state, to be constitutional. If it is general and uniform throughout the state, operating upon all who are brought within the relations and circumstances provided for in the act, it is not obnoxious to the limitation against special legislation.

"This act is general in form and operates not only upon all cities brought within the relations and circumstances specified therein at the time of its passage, but

it is prospective in its operation, and operates generally and uniformly throughout the state, upon all cities which may at any time in the future come within its provisions. It is sufficient if it applies to all of a certain class, and it belongs to the legislature to make the classification." (6 Kan. App. 256.)

The prop afforded this decision by a consideration of section 2 of the act of 1893 (Gen. Stat. 1901, §636) was removed by the decision of this court in the case of *Davenport v. Ham,* 72 Kan. 179. By a special act (Laws 1895, ch. 326) a portion of the town site of the city of Stockton was vacated. It was claimed that section 2 of the act of 1893 operated to exclude the vacated · territory from the corporate limits of the city. The court said:

"Chapter 326 of the Laws of 1895 is a special act, and could not change the limits of the city of Stockton. It could only have such effect in conjunction with section 636 of the General Statutes of 1901. There can be no doubt that it was the intention of the legislature that section 636 should operate to detach from the corporate limits of any city in Kansas all territory in which the lots, blocks, streets and alleys should thereafter be vacated.

"It is a rule of construction that where several statutes have been enacted relating to the same subject they should be construed together and harmonized, and each given the meaning intended by the legislature. The two statutes under consideration should be so construed. If section 636 [Gen. Stat. 1901] should be given the force intended, the legislature could change the boundaries of a city by special act. It would thus accomplish by indirection that which the constitution has imperatively forbidden. The legislature can not enact a law that will give to it the power subsequently to violate the constitution. It can not without violating this provision of the constitution enact a law the purpose and effect of which is to give to special acts subsequently passed the force and effect of changing the corporate limits of cities. Chapter 326 [Laws 1895], being special, can not be broadened nor converted into a general law conferring corporate powers by the provisions of any previously existing law. It

has just been held in *Levitt v. Wilson,* ante, p. 160, that section 109 of chapter 529 of the Laws of 1903, which undertook to withdraw certain lands from the corporate limits of the city of Wilson, violated sections 1 and 5 of article 12 of the constitution, because it was a special act and contemplated the change of the corporate limits of a city. Section 636 of the General Statutes of 1901 is a plain attempt to evade this constitutional provision by providing that its provisions shall be read into all special acts subsequently passed vacating streets and alleys. It is therefore unconstitutional so far as it attempts to confer upon special acts of the legislature subsequently passed the effect of a general law granting corporate powers." (p. 180.)

This reasoning is obviously sound. But it applies to section 1 of the act of 1893 (Gen. Stat. 1901, § 635, Gen. Stat. 1909, § 723) when that section is brought to bear upon special acts of vacation like the act of 1889, as well as to section 2 (Gen. Stat. 1901, § 636). In either case a special act is employed to effect a grant of corporate power, which is not permissible. Such a grant must be accomplished wholly by general law. (*Levitt v. Wilson,* 72 Kan. 160, 163.) Besides this, a statute like section 1 of the act of 1893, which confers corporate power upon an unchangeably fixed number of corporations, is itself usually regarded as special, and therefore unconstitutional. (*City of Topeka v. Gillett,* 32 Kan. 431; *Cole v. Dorr,* 80 Kan. 251, 259.)

It follows that if the question were a new one the court would hold that section 1 of chapter 66 of the laws of 1893 (Gen. Stat. 1909, § 723) is unconstitutional as applied to the facts of this case. The court is confronted, however, with the decision in *Allen v. Town Co.,* 60 Kan. 857, rendered March 11, 1899. (See "Appendix," post.) The evidence shows that the Naylor and Hollembeak tracts, and others affected by the act of 1889, have been separately fenced and farmed as rural lands, that the voting places of electors have been determined accordingly, and that township and city finances and other municipal affairs have been ad-

justed for years upon the supposition that such lands are outside the city limits. No doubt the same conditions obtain in a multitude of localities affected by the numerous acts of vacation passed prior to 1893. This being true, the doctrine of *stare decisis,* which is based upon the necessity for stability and uniformity in the interpretation of laws, applies, and in the interest of public and private right the former decision will not be disturbed.

There is no dispute about the facts of this case. The only questions involved are questions of law, and there is no necessity for another trial. Therefore the judgment of the district court is reversed, and the cause is remanded with direction to render judgment according to the views which have been expressed.