Beaty v. Shinkle.

No. 18,467.

JAMES W. BEATY et al., *Appellees*, v. J. E. SHINKLE, as County Treasurer, etc., et al., *Appellants*.

SYLLABUS BY THE COURT.

STATUTE—*Vacating Parts of Town Sites—A Vacation Act Only—Injunction—Taxation.* Chapter 261 of the Laws of 1889, vacating parts of certain town sites, was purely a vacation act, and portions of town sites which had never been platted, although mentioned and described in the act, were not affected by its provisions.

Appeal from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed December 6, 1913. Affirmed in part and reversed in part,

A. R. Hetzer, county attorney, E. R. Thorpe, of Lakin, *William Easton Hutchison,* and C. E. Vance, both of Garden City, for the appellants.

H. O. Trinkle, of Garden City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was to enjoin the collection of taxes levied by the city of Lakin on lands which were originally within the limits of the city.. The court granted part of the relief asked, and denied a part. The city has appealed from the judgment.

The land is a part of the south half of section 27 of township 24, range 36, in Kearny county, and contains two hundred acres, divided into two tracts, one of eighty acres and one of one hundred and twenty acres. The court held that by certain acts of the plaintiffs they were estopped to claim that the eighty-acre tract is not within the city, and, therefore, that the tax levied against that tract is legal and valid. This part of the judgment is satisfactory to the city. The appeal is from that portion of the judgment holding that the one-hundred-twenty-acre tract is not within the city, and that the city taxes levied thereon are illegal and void.

The plaintiffs claim that by the provisions of chapter 261 of the Laws of 1889 the one-hundred-twenty-acre tract in question was vacated, and that it was thereafter excluded from the limits of the city by chapter 66 of the Laws of 1893, which provided that where any town site or portion of a town site containing more than five acres had been theretofore vacated by act of the legislature and was included within the corporate limits of a city of the first, second or third class, it should no longer be a part of such city, nor be included in the corporate limits thereof. The court held that the act of 1889 and the act of 1893 are valid, and that they have the effect to exclude from the city of Lakin the one-hundred-twenty-acre tract.

Section 22 of the act of 1889, or so much of it as refers to the tract in question, reads:

"That all that part of the town of Lakin, Kearny county, Kansas, lying west of the westerly line of Hamilton street . . . is hereby vacated."

The trial court, however, expressly finds that no part of this one-hundred-twenty-acre tract was ever platted. The act of 1889 is a vacation act. It was not intended for any other purpose. It did not assume or purport to exclude any territory from within the corporate limits of any city. It merely vacated portions of certain town sites. It could only operate upon platted lands. Therefore, it had no effect upon that part of the town of Lakin lying west of the westerly line of Hamilton street, for none of that land was ever platted; and the act of 1893, which provided for the change of boundaries of cities, expressly limits its provisions to town sites or portions thereof that had been previously vacated either by the board of county commissioners or by some act of the legislature. The constitutionality of neither act is involved in this appeal, because neither act affected the one-hundred-twenty-acre tract of land.

The judgment holding these lands to be outside the limits of the city was, therefore, erroneous.

The plaintiffs have served notice of an appeal from that part of the judgment in favor of the city, and ask the court to review the judgment so far as it affects the eighty-acre tract. The judgment respecting this tract of land rests not only upon conclusions of law, but upon findings of fact, and the city contends that a motion for a new trial was necessary in order to entitle the appellees to question the correctness of the judgment. Ordinarily this is the rule. No motion for a new trial was filed by the plaintiffs. In any event, however, we think that part of the judgment should be affirmed. The only portion of the eighty-acre tract that was ever platted was six blocks along the north boundary thereof, num-

Beaty v. Shinkle.

bered from 43 to 48, inclusive. Therefore, neither act
of the legislature relied upon by the plaintiffs could
affect any portion of this tract except these six blocks;
and the court finds that certain acts of the appellees are
sufficient to constitute an estoppel against them and to
prevent them from now claiming that the platted por-
tion is not within the city. It is said, however, that the
acts of estoppel were not specifically pleaded. Con-
ceding this, nothing would be gained by reversing the
cause in order to have the pleadings made more definite.
We can not concede that the matters on which the court
found the estoppel are wholly matters of law. More-
over, the facts respecting both tracts of land are prac-
tically the reverse of those in the case of *Bull v. Kelley*,
83 Kan. 597, 112 Pac. 133, and the equities in favor of
holding the land to be within the city here are, as sug-
gested, quite as strong and urgent as those in that case
were for holding the land to be outside the city. Each
year since 1889 the city has levied taxes, which have
been extended by the county board and collected, over
all the lands in controversy. The court finds that the
plaintiffs have regularly paid the city taxes each year
since 1895, when they became the owners, until 1910,
shortly before the suit was begun, although on one or
two occasions the city tax was paid under protest.
Under all the facts found by the trial court, we think
the situation is one which calls for a quite liberal con-
struction of the doctrine of estoppel.

It follows that the judgment will be reversed in part
and affirmed in part and the cause remanded with direc-
tions to render judgment in favor of the city.