No. 30,940.

The City of Council Grove, *Plaintiff*, v. The Kansas Electric Power Company, *Defendant*.

(19 P. 2d 460.)

Opinion filed March 11, 1933.

*Harry E. Snyder,* of Council Grove, for the plaintiff.

*Gilbert H. Frith,* of Emporia, and *Raymond F. Rice,* of Lawrence, for the defendant.

The opinion of the court was delivered by

Smith, J.: This is an original action in quo warranto brought by the city of Council Grove to inquire into the right of the Kansas Electric Power Company to a franchise to supply the city with light and power. The question is before the court now on a motion to dismiss on the ground that a former action fully adjudicated all points raised in this case.

The facts are simple. Council Grove is a city of the second class. It has the commission form of government. On August 15, 1922, the board of commissioners passed ordinance No. 233 granting defendant a franchise. Certain petitions were presented to the commission asking that the proposed ordinance be submitted to the electors of the city in accordance with the provisions of R. S. 12-824. The commission determined that the petitions were insufficient, declined to submit the proposition to a vote, and passed the

ordinance. A quo warranto action was filed in district court. That court held the ordinance to be null and void and ousted the company from exercising any rights under the franchise. The judgment was appealed to this court, where it was reversed, in *State, ex rel., v. Electric Power Co.*, 116 Kan. 70, 226 Pac. 254. That action was brought by the state on the relation of the county attorney. This action is brought in the name of the city. It can safely be said that in the first action the state was only the nominal party and that the city was the real party in interest.

The disagreement arises on account of two different statutes with reference to franchises. One is R. S. 12-824. Its pertinent provisions are as follows:

"All incorporated cities in the state of Kansas . . . into or through which any corporation operating a system for the transmission of electric current between two or more incorporated cities in the state shall have heretofore built . . . its transmission lines, are hereby authorized and empowered upon such terms and conditions as any such city may by ordinance prescribe to grant franchises to such . . . transmission corporations for any public utility purposes for which they are . . . incorporated, for a period not greater than the time for which the charter under which said company or corporation is then operating shall continue to run but in no case to exceed 35 years: *Provided,* That such franchise shall not be granted until notice of the proposition to grant the same has been given for twenty days by publication in some newspaper in general circulation in such city, and if within said twenty days 10 per cent of the legal electors petition such city authorities to submit the same to a vote of the electors of the city, such city authorities shall submit said franchise proposition to a vote of the people before such franchise be granted and be governed by result of such vote."

This act, chapter 94 of the Laws of 1921, amended section 836 of the General Statutes of 1915 by making the terms of that statute with reference to franchises, ordinances and elections apply to transmission companies as well as to interurban railroads. It will be noted that this section applies to all cities of whatever class and whatever form of government. It will be further noted that the election need not be called unless after the proposed ordinance is published ten per cent of the qualified electors petition for an election.

The other statute is R. S. 14-1701. Its pertinent provisions are as follows:

"The board of commissioners of any city governed and controlled by the provisions of this act may permit any person, firm, or corporation to manufacture, sell and furnish artificial or natural gas light and heat, electric light,

power . . . and may permit . . . conduits, cables, and all appliances, necessary for the construction and operation of gas and electric lights . . . over and along the streets and alleys of such city, upon the express conditions hereinafter imposed, and not otherwise, in this act . . . ."

And,

"No such right, privilege or franchise shall ever be granted until the same is approved by a majority of the electors of such cities voting thereon at a general or special election called for the purpose by the mayor."

This section is section 30 of chapter 82 of the Session Laws of 1909. That act amended chapter 123 of the Session Laws of 1907. They both provided a commission form of government for such cities of the second class as elected to come under it. It will be noted that this act was passed several years before R. S. 12-824, and that it applies only to cities of the second class that are under the commission form of government. It will be further noted that it provides that no franchise shall be granted until the proposition has been submitted to the electors without the necessity for petitions.

Keeping in mind the differences in the two statutes, we will examine what was done in the former case and what is pleaded and argued in this one.

In the former case the petition alleged, among other things, as follows:

"That the rights and privileges purported to have been granted to said defendant by the franchise heretofore set out are such rights and privileges as only can be granted by a vote of the majority of the voters of said city. That no such election was held nor is contemplated."

The answer of defendant alleged that the franchise ordinance was valid and in full force and effect. In that case the defendant devoted several pages of its brief to this question. It stated the question thus:

"We desire to take up first plaintiff's contention that chapter 94 of the Session Laws of 1921 does not apply to Council Grove, because it operates under the commission form of government, and that the franchise in question could only have been granted by the city under section 1860 of the General Statutes of 1915. This view we hold to be erroneous for the following reasons":

The plaintiff treated the question in its brief in that case and stated the proposition thus:

"Section 836, Revised Statutes of 1915, as amended by chapter 94 of the Laws of 1921, does not apply to the city of Council Grove, being a city of the second class, operating under the commission form of government.

"The act, above referred to, is an amendment of section 836, G. S. 1915, and the amendment made only included corporations organized to transmit electric current between two or more cities (*State, ex rel., v. City of Kansas City,* 83 Kan. 431.) This is a general statute applying to all cities not under the commission form of government."

When the case was submitted this court first dealt with the matter of the sufficiency of the petitions. This matter was settled largely on a question of the sufficiency of the evidence as to the number of qualified electors. This question was settled in favor of the defendant in that case. With this question out of the way the court still had to consider the question of whether R. S. 12-824 or R. S. 14-1701 applied. Had it been decided that R. S. 14-1701 applied, then, regardless of the petitions, the franchise would be null and void, because that section required all franchises to be submitted to a vote. With that in mind, we will examine the second syllabus of *State, ex rel., v. Electric Power Co.,* 116 Kan. 70. It is as follows:

"The act referred to authorized incorporated cities to grant franchises for the purposes named therein without regard to whether the cities are operating under a commission form of government or a mayor and council."

The pertinent part of the opinion is as follows:

"There is a further contention by the plaintiff that the act under which the franchise is granted has no application to cities acting under a commission form of government. It is said that the act providing for that form of government contains its own provisions relating to the granting of franchises, and since the later act, 1921, did not reënact the provisions of the earlier one as to granting franchises, it should be interpreted as only applying to cities not under the commission form of government. The act of 1921 (R. S. 12-824) expressly authorizes the granting of franchises by all incorporated cities of the state without regard to form of government under which they are operating. It provides that such cities may by ordinance grant a franchise to any corporation operating a system for the transmission of electric current between two or more incorporated cities or to one proposing to build such lines. The act is later in time than the acts referred to by plaintiff and may be said to be supplementary to them. If there be any conflict between them the later act will, of course, control. The city authorities with power to enact ordinances, whatever their designation, is given power to grant franchises upon compliance with the conditions named in the act. It follows that the judgment of the trial court annulling the franchise and ousting the defendant from the exercise of any rights and privileges under the ordinance must be reversed. Under the evidence the defendant was entitled to judgment in its favor, and therefore the case is remanded with directions to enter judgment for defendant."

We will examine the petition of plaintiff in the present case. The petition sets out the passing of ordinance No. 233 under R. S. 12-

824 and the fact that defendant is operating under it. It then makes a specific allegation as follows:

"Plaintiff states that, notwithstanding the fact that the said ordinance was passed granting such extension of said franchise to the said defendant, the city of Council Grove, Kan., denies that the said ordinance is effective and denies that said defendant is operating under the extension of said franchise for the reason that the section and provision of the statute, to wit: 12-824, R. S. Kansas, 1923, is in conflict with section 14-1701, R. S. Kansas, 1923, and that the governing body of the city had no power or authority to grant such extension thereunder."

It will be noted that the reason pleaded why the ordinance granting the franchise is void is that it was done under R. S. 12-824 and that this section is in conflict with R. S. 14-1701.

This question was met with and answered in *State, ex rel., v. Electric Power Co.,* supra. The answering of the question was essential to the conclusion reached. While the nominal parties are not the same, as has been heretofore stated, the real parties in interest are identical. One of the points litigated in the former case is the point that is raised in this case. We have concluded that this is a case where the rule laid down in *C. K. and W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96, governs. In that case the court said:

"When a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made." (p. 767.)

This rule is universal and needs no further citations.

The motion of defendant to dismiss the action is therefore sustained.