No. 45,479

CITY OF EUDORA, KANSAS, a Municipal Corporation, *Appellant,* v. LOUIS C. FRENCH and EDITH FRENCH, *Appellees.*

(461 P. 2d 762)

Opinion filed December 6, 1969.

*Charles D. Stough,* of Lawrence, argued the cause, and *George L. Catt,* of Lawrence, was with him on the brief for appellant.

*Olin K. Petefish,* of Lawrence, argued the cause, and *Peter K. Curran,* of Lawrence, was with him on the brief for appellees.

The opinion of the court was delivered by

FATZER, J.: This appeal arises out of an order of the district court of Douglas County, denying the City of Eudora's motion to vacate a judgment as to the defendant city, one of the 156 named defendants in a proceeding to quiet title to a tract of land and a

block platted in the original townsite of Eudora and designated as "Market" or Public Square.

On October 23, 1951, Mary Copp commenced the quiet title action against the City of Eudora and the other named defendants, and her petition alleged she owned the metes and bounds area described therein, "together with vacated streets, alleys, and tract of ground known as the 'Market', in Douglas County, Kansas"; that she and her predecessors in title have been in actual, open, notorious, continuous, exclusive and adverse possession of the real estate described under claim of ownership for more than fifteen years prior to the filing of her petition, and that she and her predecessors in title have exercised all the rights of ownership thereto and have paid taxes on said property as the owners thereof. The prayer was that her title to the real estate described be forever quieted against any claim of the defendants, and that all persons claiming under them be forever barred and enjoined from setting up or asserting any right, title, equity, or interest thereto.

Personal service of summons was duly had on the City of Eudora by serving Allen Westerhouse, Mayor, in the manner provided by law. Due and legal service of summons by publication was had upon the remainder of the defendants, which was approved by the district court.

On December 8, 1951, the City of Eudora and all the remaining defendants having failed to appear or plead within the time allowed and being wholly in default, the district court rendered judgment in favor of Mary Copp, and specifically found "that actual Service of Summons has been made upon the defendant, the City of Eudora," and "that all the allegations and averments contained in Plaintiff's petition are true." In rendering judgment, the district court found Mary Copp was the owner in fee simple of the real estate described in her petition "together with vacated streets, alleys, and tract of ground known as the 'Market', in Douglas County," and title thereto was quieted in the plaintiff.

Thereafter, and on December 19, 1951, Mary Copp conveyed her interest in the property to Louis C. French and Edith A. French who have continuously been in possession thereof.

As hereafter indicated, the area in question and that described in the plaintiff's petition was a portion of the original townsite of the City of Eudora south of 12th Street, which the appellees claim was vacated by Ch. 261, Secs. 61 and 67, Laws of 1889.

The proceeding giving rise to this appeal was commenced on June 29, 1967, when the City of Eudora filed a motion to vacate the judgment quieting Mary Copp's title insofar as the area or block designated as "Market" was concerned. The motion alleged the judgment quieting the plaintiff's title was absolutely void as to the City of Eudora since the statute of limitations is inapplicable to a sovereign city and the court was without jurisdiction to render a judgment against said city; that "Market" was laid out and platted as a part of the original townsite of the City of Eudora on February 8, 1859; that the fee title to said land has always been and then was in the county of Douglas, subject to regulation and control of the city, and that neither Douglas County nor its Board of County Commissioners was made party defendant in said action. The motion further alleged that none of the members of the governing body were aware of the pendency of the plaintiff's action nor was the City of Eudora named in the publication notice giving the citizens of said city any notice of the action attempting to transfer title to public land, and if a single citizen had a question concerning the matter at the time of the rendition of the judgment, it could not have been rendered against the defendant city.

On April 3, 1968, the district court, having heard the contention of the parties, filed its memorandum opinion and rendered judgment in favor of Louis C. French and Edith A. French, successors in title of Mary Copp, who appeared and defended against the city's motion.

Since the pertinent facts are fully stated and the issues thoroughly analyzed and discussed in the district court's memorandum opinion, it is quoted in full:

"The motion of defendant City of Eudora, to vacate the judgment entered in the above captioned case as to said City was submitted after oral arguments which were presented on February 21, 1968. The motion has been under advisement for ruling.

"The facts are as stipulated in the pre-trial order filed on January 16, 1968, which facts are in substance as follows:

"1. The City of Eudora was incorporated February 8, 1859 and is a city of the third class in Douglas County, Kansas. A plat of the original townsite of Eudora was filed sometime in 1859, the original of which was destroyed by fire on August 21, 1863. A copy of this plat was filed in the office of the Register of Deeds about September 12, 1870 after the original had been destroyed and this copy was received in evidence by agreement at the time of oral argument as being the most authentic plat of the original townsite of Eudora now in existence. (In the lower left corner, the plat just mentioned had been marked

as an exhibit in Case No. 9214, Hartig v. City of Eudora, and to those interested in the early history of Eudora the findings of fact made by the Hon. C. A. Smart in said case are of interest in connection with the vacation of streets and alleys near the Kansas River. These findings are in Journal W, beginning at page 189. Judge Smart's conclusion that the streets and alleys in question had been lawfully vacated by the Board of County Commissioners as authorized by Ch. 190, Laws of 1877, was affirmed on appeal in Eudora v. Hartig, 68 Kan. 742.)

"2. Ch. 261, Laws of 1889 provides in part as follows:

'Sec 61. That all the streets and alleys in the town of Eudora, Douglas County, lying south of Twelfth Street, except C, E and Nineteenth streets, are hereby vacated.'

'Sec. 67. That all streets, alleys and public grounds of whatever kind within the boundaries of that portion of the hereinbefore designated townsites declared vacated by this act be and the same are hereby vacated, and shall revert to and become the property of the owners of the adjacent lots to the center of each of such streets, alleys and other public grounds.'

"3. A Zerox copy of that portion of the Plat of Eudora which reflects the area in question has been made, is attached hereto, is made a part hereof, and shall hereinafter be referred to as the plat.

"4. The heavy lines drawn on the south side of 12th Street, the east and west sides of C and E Streets, and the north and south sides of 19th Street indicate the areas of Eudora which were vacated by Ch. 261, Laws of 1889.

"5. At the time the above captioned lawsuit was filed, Mary Copp, owned the metes and bounds area shown in heavy outline on the plat to the north of E Street, included within which is an area designated as 'MARKET'. In her suit to quiet title to said metes and bounds description against over 150 defendants, Mary Copp as plaintiff, described the streets and alleys and area designated as 'MARKET' as having been vacated and joined the City of Eudora as a defendant. The City of Eudora was duly served with summons in the manner provided by law and failed to appear or plead within the time allowed and remained wholly in default at the time plaintiff took judgment quieting her title on December 8, 1951.

"6. All of the property referred to in Finding No. 5, including the vacated streets and alleys and the area designated as 'MARKET', has been on the tax rolls of Douglas County, Kansas, since 1926 since which date the taxes thereon have been paid by Mary Copp and her successors in title.

"7. On June 29, 1967 the defendant, City of Eudora, filed a motion to vacate the judgment quieting plaintiff's title insofar as the area designated as 'MARKET' is concerned on the ground that such judgment was and is void as to said City as to said area for the reason that plaintiff could not acquire title to an area dedicated for public use by adverse possession, and if plaintiff could do so, the judgment is ineffective since title to such area is in the County subject to control and use by the City and the County was not made a defendant.

"8. After plaintiff secured her quiet title judgment and on December 19, 1951, she conveyed her interest in the property in question to Lewis C. French and Edith A. French, who appear and defend against the City's motion, their contention being: (1) The area designated as 'MARKET' was vacated by Sec. 67

of Ch. 261, Laws of 1889; (2) that since the Court had jurisdiction of the parties and the subject of the action in the quiet title suit the judgment entered therein is res judicata; and (3) even assuming the judgment is void as to the City, the Court should not set such judgment aside for to do so would produce an inequitable result.

"From the facts it is concluded that:

"(1) It was the intention of the legislature by enacting Ch. 261, Sec. 67, Laws of 1889 to vacate all public ground situated between or surrounded by streets and alleys which had been vacated by other sections of the statute.

"(2) That the area designated on the plat as 'MARKET' is completely surrounded by streets and alleys which were vacated by Ch. 261, Sec. 61, Laws of 1889 and was therefore vacated by Ch. 261, Sec. 67, Laws of 1889. There can be no question about the constitutionality of Ch. 261, Laws of 1889 or of the fact that by such statute all streets and alleys south of 12th except C, E and 19th Streets were vacated. (See: *City of Eudora v. Darling,* 54 Kan. 654)

"(3) Needless to say, at the time plaintiff, Mary Copp field the instant suit and obtained judgment quieting her title to all vacated streets, alleys and the metes and bounds description shown on the plat, the City of Eudora had no interest therein nor did Douglas County. (*City of Eudora v. Darling,* supra) Furthermore the City of Eudora had effectively barred itself from any further claim by failing to answer or defend against plaintiff's action after having been duly summoned as a defendant therein. (See: 38 Am. Jur. 430, Sec. 728) The judgment in this case is not void as against defendant City of Eudora.

"The Clerk is hereby directed to enter the following judgment: The motion of defendant City of Eudora for vacation of the judgment in this case as to said defendant is overruled at the costs of said defendant."

The district court's memorandum opinion refers to the plat of the City of Eudora which reflects the area in question. We have attached to this opinion as Appendix A a reproduction of the plat to assist the reader.

In this appeal the City of Eudora makes two principal contentions. They are (1) that the district court erred in making conclusions of law Nos. 1, 2 and 3, based upon its findings of fact, and (2) that any judgment quieting title to property platted and dedicated to public use by the trustees of the original townsite of the municipality based on adverse possession is void, and should be vacated and set aside as to the municipality.

With respect to the first contention, the city argues that it is apparent from the language used in Sec. 61 of Ch. 261, Laws of 1889, there was no intention to vacate anything except streets and alleys of a particular section of the city, and certain exceptions are made to that declaration, namely, "C, E and 19th Streets," and that

the act did not vacate the public ground designated on the plat as "Market," or public square.

We are of the opinion the district court did not err in its conclusion that the tract of land in question was vacated by the Legislature through its enactment of Ch. 261, Laws of 1889. The intention of the Legislature to do so is clearly evident from the title of the Act and the language of Secs. 61 and 67, which read:

"An act *to vacate portions of certain town-sites* in the State of Kansas *therein named.*" (Emphasis supplied.)

"Sec. 61. That all the streets and alleys in the *town* of Eudora, Douglas County, lying south of Twelfth street, except C, E and Nineteenth streets, are hereby vacated." (Emphasis supplied.)

"Sec. 67. That all streets, alleys *and public grounds of whatever kind* within the boundaries of that portion of the hereinbefore designated *town-sites* declared vacated by this act be and the same are hereby vacated, and shall revert to and become the property of the owners of the adjacent lots to the center of each of such streets, alleys *and other public grounds.*" (Emphasis supplied.)

That existing townsites may be vacated by the Legislature either expressly or by clear implication is beyond argument. (*City of Eudora v. Darling,* 54 Kan. 654, 39 Pac. 184; *Bull v. Kelley,* 83 Kan. 597, 112 Pac. 133; *Beaty v. Shinkle,* 91 Kan. 102, 136 Pac. 928; 87 C. J. S., Towns, § 17, p. 14; 52 Am. Jur., Towns and Townships, § 45, p. 496.) In the *Darling* case it was held that Ch. 261, Laws of 1889 was constitutional and that under the provisions of Sec. 61 of the Act, the streets and alleys in the town of Eudora lying south of 12th Street, except C, E and 19th Streets, were vacated. As the issues were there presented, it was unnecessary to consider whether that portion of the townsite of Eudora and "public grounds of whatever kind" within the area designated, were vacated. In the *Shinkle* case it was held that the Act of 1889 was a vacation act, and that its purpose was to vacate portions of certain platted townsites named therein. As indicated in Appendix A, the area in question was platted and consisted of some 62 blocks south of 12th Street, and streets and alleys, and one block in size designated as "Market" or public square. Hence, it follows that the Act of 1889, if not expressly, at least by clear implication, vacated the blocks within the boundaries of the streets and alleys designated in Sec. 61, and that Sec. 67 vacated "public grounds of whatever kind" therein located. Reading both sections of the Act together, the result accomplished by the statute was the same as if it had read "all the streets and alleys in the town of Eudora lying south of 12th Street, except C, E and 19th

Streets, and all public grounds of whatever kind within the boundaries of such streets, are hereby vacated."

With respect to the appellant's second contention, the City of Eudora was named as a party defendant and was properly served with summons in the action commenced by Mary Copp to quiet title to the real estate in question. The sheriff's return shows personal service upon the mayor of the City of Eudora. G. S. 1949, 60-2517, which prescribed the manner of service on cities at the time of the commencement of the action, provided:

"All and every process and notice whatever, affecting any city, shall be served upon the mayor, or, in his absence, upon the clerk of such city."

K. S. A. 60-304 (*d*) of our present Code of Civil Procedure contains a similar provision for service upon the mayor of a city.

As indicated, the City of Eudora was properly served with notice of the action to quiet title to the "Market", and of the plaintiff's allegation that the "Market" had been vacated. For one reason or another, it chose not to answer or appear in any manner in connection with that lawsuit. That a municipality is subject to the doctrine of *res judicata* is set forth in 38 Am. Jur., Municipalities, § 728, pp. 430 and 431, which reads:

"The usual rules as to the conclusiveness of judgments have been applied in the case of judgments in favor of or against municipalities. A judgment against a municipal corporation in a matter of general interest to all its citizens is binding on the latter, although they are not parties to the suit. Every taxpayer is a real, although not a nominal, party to such judgment, and cannot relitigate any of the questions which were litigated in the original action against the municipality, or its legal representatives, and, if the municipality fails to avail itself of legal defenses, the people are concluded by the judgment. If such failure comes from negligence or corruption, the taxpayer has a remedy on both the criminal and civil dockets of the courts, and if from incompetency, the taxpayer's remedy is the ballot box. Such judgments must be conclusive unless impeached for fraud or mistake. *Also, a judgment against a municipality is binding upon . . . its people when the question was concerning property which the municipality claimed to hold in trust under a dedication thereof to public use. Even when the judgment is rendered by default, it is still conclusive, in the absence of fraud, since otherwise a plaintiff might be deprived of an effective remedy by the refusal of the municipality or its officers to appear and answer. . . .*" (Emphasis supplied.)

See, *City of Council Grove v. Kansas Electric Power Co.*, 137 Kan. 109, 113, 19 P. 2d 460. See, also, *Coffey, Administrator v. Gilbert*, 204 Kan. 305, 461 P. 2d 747, as to when a judgment entered becomes *res judicata*.

The district court had jurisdiction of the parties to the action and of the subject matter and the power to make a determination on the issue whether the "Market" had been vacated by the Act of 1889. No evidence was introduced to indicate the judgment rendered on December 8, 1951, was obtained through fraud or mistake. Hence, the district court did not err in concluding the City of Eudora had effectively barred itself from any further claim to the "Market" by failing to answer or defend against the quiet title action after having been duly summoned as a defendant therein. The power to hear and determine the allegations of that petition cannot be denied, and the district court had jurisdiction to render a judgment upon the issues before it. Where, as here, a court has jurisdiction of the parties to the action and of the subject matter, and renders a judgment within its competency, even if erroneous, that judgment is final and conclusive unless corrected or modified on appeal or by such other method as may be prescribed by statute and it may not be collaterally attacked otherwise. (*In re Estate of Johnson*, 180 Kan. 740, 746, 308 P. 2d 100.)

The appellant refers to the concept that ordinarily title to public land held by a municipality cannot be lost by adverse possession and to cases holding that rights of a municipality are not lost by estoppel or by the unauthorized acts of its representatives or officers, and it contends the judgment entered on the petition of Mary Copp of December 8, 1951, was void as to the appellant. The point is not well taken. The default judgment against the City of Eudora was based on the vacation of the "Market" and of reversion of title to the owner of the adjacent lots as provided in Sec. 67, and the district court's conclusion the judgment involved in this appeal was not a void judgment as to the appellant, was correct.

The appellant also contends its motion to vacate the judgment of December 8, 1951, should have been sustained for the reason that Douglas County was not a party to the lawsuit, and we are referred to *Douglas County v. City of Lawrence*, 102 Kan. 656, 171 Pac. 610, and to *State, ex rel., v. City of Manhattan*, 115 Kan. 794, 225 Pac. 85. The contention lacks merit. The judgment obtained by Mary Copp of December 8, 1951, quieted her title to all vacated streets, alleys and the metes and bounds description as shown on the plat which included the block designated "Market." Following the publication of Ch. 261, Laws of 1889, on March 13, 1889,

neither the City of Eudora nor the County of Douglas had any interest therein. (*City of Eudora v. Darling,* supra.)

There is no dispute about the facts of this case. The only questions involved are questions of law. We are of the opinion the judgment of the district court overruling the City of Eudora's motion to vacate the judgment rendered December 8, 1951, should be affirmed for the reasons heretofore set forth.

It is so ordered.

Appendix A