The City of Brooklyn, Respondent, *v.* George Copeland, Appellant.

Under the act of 1861 (Chap. 340, Laws of 1861), providing for a public park for the city of Brooklyn, the city acquired a fee in the lands taken, impressed with a trust, of which the legislature could relieve the city.

Plaintiff's complaint herein alleged, in substance, that, under the provisions of said act it became and still is the owner in fee and possessed of certain land described in the complaint; that under a statute authorizing it (Chap. 373, Laws of 1870, as amended by Chap. 795, Laws of 1873), a sale of said land was made to defendant and he entered into a contract to purchase, but that he has refused to take title or pay the purchase-money. Plaintiff asked for a specific performance. The answer admitted each and every allegation of the complaint, except it denied that the statutes mentioned were competent to vest in plaintiff the ownership of the land in question. *Held*, that the allegation of ownership in the complaint was equivalent to an averment of compliance with the terms of the act of 1861, *i. e.*, that the commissioner's report was confirmed and payment made to the owners of the land or their assent obtained by deed duly executed; that this averment was not denied by the answer, which simply put in issue the quantum of the estate acquired by the city; and as, if true, such averment would preclude the owners from thereafter questioning the validity of the act, its constitutionality could not be questioned here.

On the trial plaintiff's counsel asked the counsel for defendant if it was admitted that the steps required by the act for the taking of lands had been taken; the latter replied that it was, except that no admission was made that awards for the lands were accepted by the owners under such circumstances as to operate as a voluntary grant, or to estop

defendant from denying the sufficiency of the acts to vest title. *Held,* that this did not detract from the admission in the answer.

By the terms of sale the park commissioners contracted to give a full covenant and warranty deed, except as to liens and debts imposed by legislative action; these the city assumed and agreed to discharge. *Held,* that the contract was valid.

In this respect the case of *Brooklyn Park Commissioners* v. *Armstrong* (45 N. Y. 234), distinguished.

(Argued June 10, 1887; decided October 4, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 13, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This was an action to compel a specific performance of a contract for the purchase of certain lands.

The substance of the pleadings and the material facts are set forth in the opinion.

*H. C. M. Ingraham* for appellant. The city did not acquire an alienable fee. (Laws of 1861, chap. 340; Laws of 1865, chap. 603; *Brooklyn P. Com'rs* v. *Armstrong*, 45 N. Y. 234; *Wash. Cem'ty* v. *P. P. & C. I. R. R. Co.*, 68 id. 595.) It is only where the title is acquired in fee simple absolute that the property may be sold. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 172.) The act of 1861, as it authorized the taking of private property against the owner's consent, is to be strictly construed, and while the property and the estate which is to be taken, whether an easement or fee, and the purposes to which it is to be applied, may be designated in the statute, it must be by unequivocal words, and, in pursuing it, all prescribed requirements must be strictly observed. (*In re Water Com'rs Amsterdam*, 96 N. Y, 357; *Sixth Ave. R. R. Co.* v. *Kerry*, 72 id. 330; *Wash. Cem'ty* v. *Prosp. Park R. R. Co.*, 68 id. 591; *Sweet* v. *B., N. Y. & Phila.. R. R. Co.*, 79 id. 300.) The act of 1865, being local, was unconstitutional and void as to such portions thereof as provides for

the taking of the fee to the lands condemned under the act of 1861. (*People* v. *Hills*, 35 N. Y. 451; *People* v. *O'Brien*, 38 id. 193; *Kerrigan* v. *Force*, 68 id. 381; Constitution of N. Y. art. 3, § 16; *Huber* v. *People*, 49 N. Y. 132; *Gaskin* v. *Meek*, 42 id. 182; *In re Blodgett*, 89 id. 392; *In re Paul*, 94 id. 497; *In re Flatbush Lands*, 60 id. 407; *In re Sackett St.*, 74 id. 95.) As neither of said acts, under which the plaintiff claims to have acquired title, provides for any notice to the owner of the lands taken as to what amount of damages should be allowed to such owner, said acts are unconstitutional and void as to the provisions for taking of the lands by eminent domain. (*Stewart* v. *Palmer*, 74 N. Y. 183; *People.*v. *Eq. Trust Co.*, 96 id. 395; *In re Jacobs*, 98 id. 111; *Owners of Ground* v. *Mayor, etc.*, 15 Wend. 375.) Those from whom the lands were originally taken, and their heirs and assigns, have a right to question the validity of the plaintiff's title, or the title of the purchaser from the plaintiff. (*Seaman* v. *Vawdrey*, 16 Ves. 390; *Fleming* v. *Burnham*, 100 N. Y. 1; *Rice* v. *Barrett*, 102 id. 161; *Shriver* v. *Shriver*, 86 id. 575.)

*Almet F. Jenks* for respondent. The acts of the legislature, under which these lands were acquired and subsequently sold, vested in plaintiff an absolute alienable title in the lands purchased by defendant. (Laws of 1861, chap. 340; *In re Mayor, etc., of N. Y.*, 99 N. Y. 569; 576, 577; Laws of 1865, chap. 603; *Brooklyn P. Com'rs* v. *Armstrong*, 45 N. Y. 234.) The city was not estopped from selling the land under the direct sanction of the legislature, for the reason that the value of the neighboring property had been enhanced in anticipation of a park. (*Heywood* v. *Mayor, etc.*, 7 N. Y. 314; *Sweet* v. *B., N. Y. & Phila. R. R. Co.*, 79 id. 293; *Story* v. *N. Y. El. R R. Co.*, 90 id. 122, 172; *In re Un. F. Co.*, 98 id. 139, 153.) The Constitution has neither in terms nor by fair implication required that the commissioners in such a case shall take evidence concerning the value of the property intended to be appropriated. (34 Hun, 447; *In re Emp. Bk.*, 18 N. Y. 199; *Tracy* v. *Corse*, 58 id. 143;

*Rockwell* v. *Nearing*, 35 id. 314; *Happy* v. *Mosher*, 48 id. 317; *Campbell* v. *Evans*, 54 Barb. 588 ; *In re Middleton*, 82 N. Y. 201.)

PECKHAM, J.  The lands in this action in controversy became the property of the city of Brooklyn under the act of the legislature passed May 2, 1861, being chapter 340 of the Laws of that year.

Upon a sale by the city of these lands, the defendant purchased them and has since refused to complete his purchase, on the ground that the plaintiff cannot convey a good title in fee.  The defendant claims that the act of 1861 did not vest an alienable fee in the plaintiff in lands duly acquired under its provisions, but only a right to the perpetual use of such lands for park purposes.  He also claims to raise some constitutional questions regarding the act of 1861, and also the act of 1865 amending that act.  We do not think he is in a position to raise any question of a constitutional character.

It is unquestioned that the lands comprised in this controversy were acquired under the provisions of the act of 1861. In the complaint herein it is alleged that the plaintiff, under the provisions of that act, became and still is the owner in fee and possessed of certain real property (which is the property in question), and that by an act of the legislature authorizing it (Chap. 373, Laws of 1870, as amended by Chap. 795, Laws of 1873), a sale of such lands was made to the defendant, and that he entered into a contract to purchase but that he has refused to take title or pay the purchase-money.  The answer of the defendant admitted each and every allegation of the complaint, except that it denied that the legislative acts therein mentioned were competent to vest in said city the ownership in fee of the lands therein described.  This is not a denial of that part of the complaint which alleges that plaintiff, under the provisions of the act of 1861, became and still is the owner in fee and possessed of certain real property. The eighth section of the act of 1861, provides that after the confirmation of the report of the commissioners of appraisal,

and upon payment being made to the owners of the lands in such report mentioned, or upon their assent thereto, by deed duly executed, the said lands shall vest forever in the city of Brooklyn for the uses and purposes in this act mentioned. As the complaint alleged an ownership in fee under the provisions of the act, it was equivalent to an allegation of a compliance with the terms of the act under which the fee was claimed, and hence was the same as an allegation that the commissioner's report was confirmed and that payment was made to the owners of the lands, or their assent obtained by deed duly executed, and that thereby the lands became vested forever in the city for the uses and purposes mentioned in the act. A denial, therefore, that the acts mentioned were competent to vest in the city a fee in the lands mentioned, clearly does not deny that under the act a payment was made to the owners or their assent obtained by deed duly executed, which, if true, would preclude such owners from thereafter questioning the validity of the act. But the denial under consideration would raise the question as to the quantum of the estate which was thus obtained by the city. By the affirmative admission of each and every allegation of the complaint, which the answer makes, with the exception just spoken of, the only issue raised was one as to the amount of the estate obtained by the city, and the constitutional questions affecting the validity of the act could not be raised by an owner who was paid the price for the land, and who executed a deed thereof and delivered possession to the city. By accepting such payment or executing such deed, he, in the language of Judge FOLGER in the *Brooklyn Park Commissioners* v. *Armstrong* (45 N. Y. 234), renounced any constitutional provision made for his benefit, and gave an assent to the taking of the land, even if there were any question as to the validity of the act or any irregularity in the proceedings under it, and the fair meaning of the allegation in the complaint stating ownership in fee, is that payment was made and accepted, or a deed duly executed.

The force of this admission in the answer is not broken by

what took place on the trial. The plaintiff's counsel asked the counsel for defendant if it was admitted that the steps required to be taken by the act for the taking of lands for park purposes had been taken. The defendant's counsel said it was, except no admission was made that any awards for the lands were accepted or received by the owners *under such circumstances* as to operate as a voluntary grant or to estop the defendants from denying the sufficiency of the acts to vest title in fee in the plaintiff. This statement does not detract from the admission already of record in the answer. It admits by a very strong implication that awards were accepted or received by the owners, but left it to proof on their part that they were not so received or accepted as to estop them, etc. The defendant gave no proof on the subject. Taking it altogether, we are quite clear there is enough in the record to show the assent of the owners to the taking of the lands and an acceptance by them of the price thereof.

The next question arises upon the character of the estate obtained by the city, for this issue is made by the pleadings. We do not think, however, that it is one which is open to discussion in this court. In the case of *Brooklyn Park Commissioners* v. *Armstrong (supra)*, it received a thorough examination at the hands of Folger, J., and that learned judge came to the conclusion that under the act of 1861 the city took a fee, and this opinion was concurred in by the whole court. We do not assent to the proposition that this portion of the opinion was *obiter*. On the contrary, the question, among other things, was fairly up as to what title the city took under this act of 1861. The case was brought as a test one to try the title, and the court held that the city acquired the fee, impressed with a trust to hold, for park purposes, which the legislature could relieve the city from, but that bonds having been issued secured by all the land, no portion could be sold free from this pledge; and as the park commissioners had assumed to convey free from all incumbrances, they could not fulfill, and hence the title was not

and we have no disposition to review or to doubt the correctness of the decision reached therein. By the terms of sale of the lands in question in this action the park commissioners avoided the only difficulty which existed in regard to the sale of the lands mentioned in the *Armstrong Case*. They advertised to sell the land and to give a full covenant and warranty deed, except as to liens and debts imposed by legislative action which the city assumed and agreed to discharge. Every question which has been argued here, other than the constitutional ones, has been decided by the above cited case of *Armstrong ;* and, for the reasons already given, the constitutional questions cannot be raised.

The judgment of the Supreme Court should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.