No. 25,157.

THE STATE OF KANSAS, ex rel. A. M. JOHNSTON, as County Attorney of the County of Riley, W. L. LATSHAW and F. W. BELL, *Appellees*, v. THE CITY OF MANHATTAN, *Appellant*.

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATION — *Cities May Not Sell Public Squares or Market Squares Dedicated by Filing of City Plat.* Chapter 97, Laws of 1921 (R. S. 12-1301) does not authorize a city to sell public squares and market squares dedicated by the filing of the city plat.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed April 5, 1924. Affirmed.

*Charles Hughes*, and *John C. Hessin*, both of Manhattan, for the appellant.

*Hal E. Harlan*, of Manhattan, and *A. M. Johnston*, county attorney, for the appellees.

The opinion of the court was delivered by

HARVEY, J.:   In a proceeding for a declaratory judgment the city of Manhattan has appealed from a judgment denying to it authority to sell and convey certain tracts of ground within the city which had been dedicated as public squares and market squares and to use the proceeds for buying or improving the city parks.   The city of Manhattan was platted in 1857 by a plat or map properly executed by the owners of the real property and filed with the register of deeds. By the plat most of the blocks were 315 x 400 feet with a 15-foot alley the long way of the block, making the lots 150 feet deep.   Two of the blocks were not subdivided and were marked "public square." In seven of the blocks situated at various parts of the city there was a tract 75 feet wide through the center of the block the long way. These were marked on the plat "market squares" and each had a 20-foot roadway on each side, making the lots in these blocks 100 feet deep.

By chapter 97 of the Laws of 1921 (R. S. 12-1301) the legislature passed an act authorizing cities to sell any public park, public square or market square "that they may now own" and use the proceeds to purchase or improve parks, public squares or market squares, after submitting the proposition to a vote and that being favorable.   In pursuance of this statute the city authorities submitted to a vote the proposition of selling the public squares and market squares dedicated by the plat of 1857 and using the proceeds as the statute provides.   The vote was favorable and the city was

proceeding to sell the tracts when a question arose as to whether the purchaser would get good title. Hence this proceeding.

Two questions are argued. First, did the legislature have power to authorize the city to sell and convey the public squares and market squares above mentioned, and second, if so, does chapter 97 of the Laws of 1921 confer such authority?

It is well settled in this state that when public grounds, such as market squares and public squares, are dedicated by city plat the legal title vests in the county in trust for the public, while the possession, dominion and control are vested in the city. (*Douglas County v. City of Lawrence*, 102 Kan. 656, 171 Pac. 610, and cases there cited.) It is also well established that when property is so dedicated for a specific purpose it cannot ordinarily be put to any other use. In 18 C. J. 127, section 167, it is said:

"If a dedication is made for a specific or defined purpose, neither the legislature, a municipality, or its successor, nor the general public has any power to use the property for any other purpose than the one designated, . . . " (See *Comm'rs of Franklin Co. v. Lathrop*, 9 Kan. 453.)

Inasmuch as there are three parties interested in every dedication—the dedicator and his representative, the general public, and the property owners with special interests, such as owners of lots abutting on streets—no one of them without the consent of the others can change or destroy the use. (18 C. J. 127, § 168.) The legislature has no power as against abutting owners or as against the original dedicator to devote the property to a use other than that for which it was dedicated, nor to sell the property and use the money for other purposes. (*Ward v. Field Museum*, 241 Ill. 496; *Warren v. The Mayor of Lyons City*, 22 Iowa 351; *Cummings v. The City of St. Louis*, 90 Mo. 259; *Lamar Co. v. Clements*, 49 Tex. 347; *Ocean City Land Co. v. Ocean City*, 73 N. J. L. 493.)

Where the city by purchase or condemnation proceedings acquires the title to real property the legislature can authorize its disposition. (*East Chicago Co. v. City of East Chicago*, 171 Ind. 654; *City of Brooklyn v. Copeland*, 106 N. Y. 496; *Hartford v. Maslen*, 76 Conn. 599.)

Appellant argues that if chapter 97 of the Laws of 1921 only authorizes cities to sell parks, public squares and market places in which they have the fee title by purchase, gift or condemnation, it is superfluous for the reason that cities of the second class have had power since 1872 "to purchase . . . and hold real and personal property for the use of the city" and "to sell and convey any real or

personal estate owned by the city." (R. S. 12-101.) It may be, as argued by appellee, that the effect of chapter 97 of the Laws of 1921 is to limit the general authority of the city to sell real property by requiring that the proposition to sell the same be submitted to a vote when that property is public parks, public squares or market places. Such a construction would give effect to both statutes. We do not find it necessary, however, to decide that question definitely in this case. It is sufficient to say that chapter 97 of the Laws of 1921 does not purport to authorize the city to sell real property which it does not own and the city does not have complete ownership of property dedicated by the filing of plats of the city.

Appellant argues that under the law of this state when a street or alley is vacated the land reverts to the abutting owners in proportion to frontage (*Showalter v. S. K. Rly. Co.,* 49 Kan. 421, 423, 32 Pac. 42; *Wallace v. Cable,* 87 Kan. 835, 127 Pac. 5) and attempts to draw some analogy from this rule that would substantiate its claim, but there is nothing in that doctrine that will help the city in this case. When a street or alley is vacated the city gets no title to it which it can sell and then the tracts in question were not streets or alleys. They are squares or blocks separated from other lots and blocks of the city by streets.

The judgment of the court below is affirmed.

JOHNSTON, C. J., not sitting.