**115 P.2d 90**
**McCARTER v. CITY OF RATON et al.**
**No. 4636.**

Supreme Court of New Mexico.
June 16, 1941.

Rehearing Denied July 16, 1941.

F. S. Merriau and Fred C. Stringfellow, both of Raton, for appellant.

John B. Tittmann, of Raton, for appellees.

JAMES B. McGHEE, District Judge.

The question is whether the City of Raton is authorized to vacate a portion of a park situated within that city, and permit its use as a link in a state highway; and whether the State Highway Commission may so use it.

A preliminary question raised by appellees by cross appeal is whether the appellant, a resident taxpayer of the city of Raton, is authorized to prosecute this action.

The latter question was determined against the contention of appellees in Ship-ley v. Smith (Board of County Commissioners), 45 N.M. 23, 107 P.2d 1050, 131 A.L.R. 1225. The appellant is authorized to maintain this action.

The facts are as follows:

The city of Raton purchased, in 1911, from the Santa Fe Railroad Company, Blocks 8 and 9 of said city for a consideration of $1,800. The conveyance to the City, among other things, contained the following: "Whereas the City is desirous of becoming the owner of said tract to be used for the purposes of a public park and the construction of a building thereon to be used exclusively for the purposes of a public library; and, Whereas, the railway company is willing to sell said tract of land to the city for the purposes mentioned."

The habendum clause was: "To have and to hold, all and singular, the said premises, together with the appurtenances, unto the said City of Raton so long as the same shall be held and used for the purposes hereinbefore mentioned."

The City has improved said property and maintained it as a park for the use and benefit of its citizens, since its acquisition. It has built thereon a public library and maintained it for a like purpose.

The state highway in question passes through the City of Raton, and crosses the Santa Fe railway tracks within the city limits. The object of vacating a portion of the park is to utilize it for an approach to an underpass constructed under the railroad tracks which immediately adjoin the park.

Subsequent to the institution of this action the railway company executed and delivered to the City a quitclaim deed, conveying all its rights to that portion of the real estate which the City and the State Highway Commission propose to utilize as a link in the state highway.

The contention of appellant is that the City of Raton holds said property as a trustee for the benefit and use of the public, and is without authority to vacate it, or any portion of it, for any purpose; and particularly for the purpose intended.

By general law, cities in New Mexico were at the time of the acquisition of said property, and still are, authorized "to lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, parks, and public grounds, and vacate the same * * *." Sec. 90-402 (7), N.M.Sts. 1929.

We need not go into the question of what the authority of the city would have been in the absence of such a statute. Appellant cites numerous decisions as supporting his contention. None is authority on the question here to be decided because none involves application to similar facts of a statute authorizing municipalities to vacate parks. Indeed, only one involves a similar statute, but the facts are different in material respects.

■ The question was decided in the case of Lloyd v. City of Great Falls, 107 Mont. 442, 86 P.2d 395, in which the Montana court, in construing an identical statute, said: "Where land was conveyed to the city of Great Falls for park purposes, under deed providing for reverter in case city should cease to use property for such purposes, at a time when city council had statutory authority to vacate as well as to establish parks, city subsequently was authorized to abandon the property for park purposes, and to erect a civic center thereupon, upon obtaining waiver of rights of the reversioners."

The rights of the people of Raton were subject to the city's statutory authority to vacate the park or any portion of it. Lloyd v. City of Great Falls, supra; East Chicago Co. v. City of East Chicago, 171 Ind. 654, 87 N.E. 17; City of Detroit v. Judge of Recorder's Court, 253 Mich. 6, 234 N.W. 445.

■ The quitclaim deed from the railroad company was evidently intended as a waiver of all of its claims of reversion and is an acquiescence in the change of use of the property contemplated by the City.

■■ The appellant contends that, assuming that the City has authority to vacate the property mentioned, it may not do so without complying with the provisions of Ch. 168, N.M.L.1939, which authorizes municipalities to sell or lease municipal property "which is not being used strictly in the carrying out of an essential governmental function * * *"; but is not effective unless approved by the electorate of the municipality at an election provided for by said act.

But the answer is that the City is not attempting to lease or sell the property in

question; but to use it for a different public purpose. The 1939 Act, therefore, is not applicable; and the City is acting within its statutory authority.

The judgment of the district court should be affirmed, and *it is so ordered.*

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.