431 P.2d 67

**BEVERLY WOOD ASSOCIATES, a co-partnership, Plaintiff-Appellee,**

v.

**CITY OF ALBUQUERQUE, a municipal corporation, Defendant-Appellant.**

**No. 8316.**

Supreme Court of New Mexico.

Aug. 28, 1967.

Frank M. Mims, Frederick M. Mowrer, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Mark K. Adams, Albuquerque, for appellee.

OPINION

COMPTON, Justice.

City of Albuquerque appeals from a declaratory judgment holding the proposed sale of Beverly Park to be null and void.

The facts are stipulated and we summarize them. The plaintiff is the owner of all the land in the Beverly Wood Addition of Albuquerque lying north of Interstate Highway 40 with the exception of Beverly Park of the addition as shown by the revised plat. The plat was duly filed and recorded in 1951 and, thereupon, Beverly Park became dedicated to public use; the City accepted the dedication and since its acceptance Beverly Park has in fact been devoted to public use; the dedication of Beverly Park for public use by the original owners was a gift to the City and no consideration was given or paid therefor; in

January 1965, the City proposed to sell a portion of Beverly Park, pursuant to § 14–47–5, N.M.S.A. 1953, for a cash consideration of $100,000.00; upon acquisition of the title to Beverly Park, the proposed buyers intended to use the real estate for other than public park purposes.

The pertinent conclusions of the court are:

"2. That upon dedication for public use of Block 'F' of the Beverly Wood Addition, hereinafter referred to as 'Beverly Park,' the fee to said Park became vested in the defendant City of Albuquerque as trustee for the use and benefit of the public.

"3. That upon the aforesaid dedication Beverly Park became impressed with a public trust for the use and benefit of the public.

"4. That a sale by the defendant City of Beverly Park for a use other than its dedicated purpose is void and in violation of the trust upon which the title to Beverly Park is held."

The applicable statute, § 14–2–5, N.M.S.A. 1953, reads,

"All avenues, streets, alleys, parks and other places designated or described as for public use on the map or plat of any city or town, or of any addition made to such city or town, shall be deemed to be public property and the fee thereof be vested in such city or town."

In Phillips Mercantile Co. v. City of Albuquerque, 60 N.M. 1, 287 P.2d 77, we had an occasion to construe the statute as it applied to streets and alleys. We there held that the city's title was limited and the city possessed only a fee to the use of the streets and alleys, hence, the statutory provision § 14–47–5, allowing the sale of municipally owned property not used strictly for governmental functions was not applicable. Compare Palmer v. City of Albuquerque, 19 N.M. 285, 142 P. 929, L.R.A.1915A, 1106.

■ The City seeks to distinguish Phillips by arguing that we were only construing the statute as it related to streets and alleys and not to parks. We see nothing in the statute which would require a different holding where public parks are involved and where streets and alleys are involved.

■ The City cites the amendment to § 14–2–5 (Laws 1959, Ch. 277), and the repeal of the section upon enactment of the present Municipal Code, N.M.S.A., § 14–1–1 et seq. (1953 Comp.1965 Supp.), as showing a legislative intent to authorize such a sale as here proposed. There is no merit to this position. Neither the amendment nor the repeal alters the status of the property statutorily dedicated to the public previously for a particular purpose. See 11 McQuillin, Municipal Corporations, § 30.20, p. 164 (3rd. ed. rev. 1964). See Payne v. City of Laramie (Wyo.1965), 398 P.2d 556.

The City strongly relies on McCarter v. City of Raton, 45 N.M. 351, 115 P.2d 90, as support for its position. The case is distinguishable; there the City of Raton was authorized by statute to vacate a park and use it for a different purpose. Further, the city obtained the land by deed upon paying a cash consideration therefor and subsequently procured a quit claim deed whereby any right of reversion previously retained by its grantor was released, and acquiescence in change of use contemplated by the city was evidenced. Many jurisdictions have recognized that a city has substantially greater power to dispose of land it has purchased or otherwise acquired by deed. See Fairbank v. Stratton, 14 Ill.2d 307, 152 N.E.2d 569; East Chicago Co. v. City of East Chicago, 171 Ind. 654, 87 N.E. 17; State ex rel. v. City of Manhattan, 115 Kan. 794, 225 P. 85; Higginson v. Slattery, 212 Mass. 583, 99 N.E. 523, 42 L.R.A.,N.S., 215; City of St. Louis v. Bedal, 394 S.W.2d 391 (Mo.1965); and J. R. Christ Constr. Co. v. Willete Associates, 47 N.J. 473, 221 A.2d 538.

The City argues that plaintiff relies on authorities that do not represent modern authority, citing Babin v. City of Ashland,

160 Ohio St: 328, 116 N.E.2d 580, and other Ohio cases following it. We note that Babin itself points to the Ohio statutes which provide that a fee in land vests in the dedicatee, and explains its ruling thusly:

> " * * * where a valid statute authorizes the appropriation of the *fee of land* for a specific public use or purpose *instead of the taking of the mere use of land* for such use or purpose, the appropriating authority may be authorized to sell the land taken when it determines that it is no longer needed for that use or purpose. * * *" (Emphasis added.)

We think Phillips Mercantile Co. v. City of Albuquerque, supra, is controlling here.

Accordingly, the judgment must be affirmed.

It is so ordered.

MOISE, J., and DEE C. BLYTHE, D. J., concur.