Delton M. Gilliland Osage County Counselor 112 E. 7th, P.O. Box 250 Lyndon, Kansas 66451-0250 Patrick G. Walsh Lyndon City Attorney City Hall, 230 Topeka Ave. Lyndon, Kansas 66451
Dear Mr. Gilliland and Mr. Walsh:
As Osage county counselor and attorney for the city of Lyndon, you request our opinion on the proposed transfer of fee simple title in park property from the county to the city. You inform us that the city has for years maintained the park in question. Now the county wishes to transfer to the city a fee simple title to the park. You ask if the provisions of K.S.A. 1994 Supp. 19-211 apply to such a transfer and what amount of consideration from the city is necessary. You do not indicate how and when the park was originally dedicated for this public purpose, nor are we told whether the park is located within the boundaries of the city.
Generally, a municipal corporation has the power to acquire and hold property deeded to it for its corporate purposes, and the authority to dispose of property in the public interest, under such restrictions as may be prescribed by law. McQuillins Mun. Corp. § 28.01 (3d ed. 1990). K.S.A. 19-101 grants Kansas counties the power to purchase and hold real estate and the power to sell and convey real estate. Likewise, K.S.A. 12-101 allows cities to purchase or receive real property and to sell and convey such property. Thus, the county is generally authorized to dispose of county-owned real estate and the city is empowered to accept gifts of or buy real estate for city purposes. However, property dedicated as a park carries with it special burdens and protections.
 "Notwithstanding that municipal corporations possess the incidental or implied right to alienate or dispose of their property, real or personal, of a private nature, unless restrained by charter or statute, they cannot dispose of property of a public nature such as a public park or common in violation of the trusts on which it is held; and although a city takes the title to lands condemned for park purposes, it takes it for the public use as a park, and holds it in trust for that purpose. And even though, if it had taken the title free from such trust, it could sell and convey it away, when and as it chose, receiving the title in trust for a special public use, it cannot convey without the sanction of the legislature. . . . Where the park is not subject to any condition in a grant restricting the city from disposing of it, and the city has statutory power to sell and convey parklands, the city may validly sell and convey a park or a portion thereof . . . Some courts, however, have stated broadly that in the absence of legislative authorization, a municipality has no power to dispose of property which it has dedicated for use as a park." 59 AmJur 2d Parks, Squares, and Playgrounds § 40 (1987).
Tracts dedicated for public use are generally required to be used for that purpose only. See Cooper v. City of Great Bend,200 Kan. 590 (1968). "The power of a municipal corporation to acquire land for and to establish and maintain a public park should be liberally construed in order that its beneficial influence may not be impeded." 63 C.J.S. Municipal Corporations § 1057 (1950).See also State v. City of Manhattan, 115 Kan. 794 (1924) and Attorney General Opinions No. 83-146, 83-179 and 84-83. You inform us that the intended use of the property will not change; it will continue to be kept and maintained as a public park and any public trust impressed upon the land will continue to be fulfilled. See K.S.A. 59-22a01, cy pre rule for charitable trusts, devises or bequests. Nevertheless, it behooves the county to closely reexamine the deed and circumstances surrounding the original dedication of this land for a public park. It is possible that an original grantor or trust restricted alienation of the property.
Older Kansas case law indicated that the fee title to all statutorily dedicated property vests in the county, even though the use and control of the property rests with the city. J SBuilding Co. v. Columbian Title and Trust Co.,1 Kan. App. 2d 228,234 (1977) City of Hutchison v.Danley, 88 Kan. 437 (1913) and City of CouncilGrove v. Ossmann, 219 Kan. 120,127 (1976). Under this line of authority, and in accordance with K.S.A.12-406, once a public use was established by statutory dedication, the county "forever afterwards" held the property in trust for such use. However, subsequent enactment of K.S.A. 12-406a in 1986 provides a clear legislative statement on which municipality owns the fee simple title to property held in trust for public use:
 "On the effective date of this act, the fee to any parcel of land intended for public use in cities of the first, second and third classes which is held in trust by the county is hereby transferred and conveyed to the city in which such property is located. The city shall hold the fee to such parcels of land intended for public use in the city in trust and for uses therein named, expressed or intended and for no other use or purpose."
If the property in question is located within the city, we believe that K.S.A. 12-406a is dispositive and not only allows but requires the proposed transfer. However, if the property in question is located outside the boundaries of the city, other authority must be consulted.
Several Kansas statutes speak to specific types of park property transfers by or to municipalities. See K.S.A. 1994 Supp.19-2803b; K.S.A. 19-2890(h); K.S.A. 13-2535; 13-1335; 12-1301. Chapters 75 and 76 of the Kansas statutes contain several examples of statutory authorization for county transfer of property to some other governmental entity. E.g. K.S.A. 76-183; 76-184; K.S.A.75-3304b; 75-3350; K.S.A. 76-187. Lacking a specific statute allowing the public property in question to be transferred, the issue becomes whether there is general authority that allows the transfer or provides a procedure that must be followed.
K.S.A. 1994 Supp. 19-211 speaks to the power of the board of county commissioners to alienate real estate owned by the county. The required procedure in part depends upon the value of the property.
K.S.A. 1994 Supp. 19-211(a) applies to property valued over $50,000 and provides a procedure for giving notice and conducting the sale. It allows qualified electors to file a petition to force the county to submit the question to a vote. Subsection (c) speaks to the correct procedure for sale or disposition of property that is valued at $1,000 or less, and does not require a unanimous vote by the board of county commissioners. Subsection (d) applies to property valued at more than $1,000 but less than $5,000. K.S.A. 1994 Supp. 19-211(a), (d) and (e) all require a unanimous vote of the board of county commissioners. Subsection (e), which is the only section that speaks to property acquired by dedication, states:
 "The board, by unanimous vote, may sell or dispose of any real property interest belonging to the county, including any interest derived through dedication, plat, condemnation, reversion, abandonment, reservation or tax foreclosure, which the board determines, after notice and public hearing, to be surplus property not required for public use, and to be unmarketable property. . . ."
Subsection (e) is not clearly applicable because a public use is still intended. However, it evidences a willingness to allow conveyances of certain dedicated property. Thus, it does not appear improper to apply K.S.A. 1994 Supp. 19-211 to dedicated property; it remains to be determined which subsection would apply to these circumstances.
You note that the county would like to give the property to the city, or if necessary, accept payment of a nominal amount such as $1.00. The monetary value placed upon the property by the county thus does not appear to exceed $1,000. The actual monetary value of the property is a fact question and may require the assistance an appraiser. The property in question should be listed by the county appraiser. See K.S.A. 1994 Supp. 79-1466. However, because the land appears to be held in trust to be used as a public park, its actual commercial value and monetary worth is questionable. Generally, "county property cannot be given away and should not be sold for less than its known value. A sale may be for consideration other than money. . . ." 20 C.J.S. Counties § 149 (1990). However, if the property appraiser takes into consideration the fact that any transferee takes subject to a public trust, the pool of potential recipients is very limited and the monetary value of the land will be substantially diminished. This lack of merchantability may support the county's reliance upon the procedures outlined in K.S.A. 1994 Supp. 19-211(c).
In light of K.S.A. 12-406a, K.S.A. 19-101, and common law concerning dedicated property, we believe that a county has the general authority to transfer fee simple title held by the county in dedicated park property to a city if that public use of the real estate continues and if not otherwise prohibited by the original grantor or trust. The value of the property is a fact question. As dedicated public park property can only be owned by a public entity and used for a public purpose, its actual market value is substantially decreased and it may not be necessary that the transfer of deed be associated with payment of public moneys. If it is valued at less than $1,000, the provisions of K.S.A. 1994 Supp. 19-211(c) may provide a simplified procedure for accomplishing a transfer of title to park land located outside the boundaries of the city. If the park is located within the city, K.S.A. 12-406a makes such a transfer mandatory.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas