William M. Tuley, Counsel Johnson County Park and Recreation District 8655 College Blvd. Overland Park, Kansas 66225
Dear Mr Tuley:
As counsel for the Johnson County Park and Recreation District, you request our opinion on two issues regarding conveyance of park property pursuant to K.S.A. 19-2868(i). This statute sets forth the powers of park and recreation boards. Subsection (i) specifically authorizes such boards:
"(i) to sell and convey real estate acquired by purchase, condemnation, gift or devise when it appears such property is no longer needed for park, playground or recreational purposes, or is poorly situated for such purposes, or is poorly suited for such purposes, with the proceeds of such sale to be deposited in the land acquisition fund authorized by K.S.A. 19-2873b, and amendments thereto. No such sale shall be made except upon authorization of the majority of the votes cast by the qualified electors of the district at an election called and held for such purpose as provided by this act. If the instrument of gift or devise vests fee title in the district or authorizes the district to sell the real property, such property may be sold by the procedure herein provided. The board, when in itsjudgment deemed advisable and to the best interests ofthe district, by proper conveyances, may exchange anytract of land for lands similar in value, or exchangemoney and land for other land suitable for park orrecreation purposes, or exchange land for land and moneytotaling the value of the land conveyed, provided thatthe money involved does not exceed 25% of the totalvalue of the land involved, without vote of thequalified electors of the park district, subject to apublic hearing having first been held with respect tosuch proposed exchange of lands, after notice of thetime, place and purpose thereof, including a legaldescription of said lands, published once each week fortwo consecutive weeks prior thereto, in the officialcounty paper, and subject further to final approval ofsuch proposed exchange of lands, by the board of countycommissioners of Johnson county, Kansas. The board may by proper conveyance exchange, transfer, sell, or lease any tract of district land with or without improvements to the state of Kansas, a political subdivision thereof, or an agency of the United States government, if the board determines that such property can properly be maintained and operated as park, playground, or recreational facilities by such governmental agency, or that such property may be utilized in whole or part in a contract with said governmental agencies in, on, or around other property of such governmental units, all or any part of which is located within boundaries of such district. . . ."[1]
The two issues you pose both concern the above emphasized portion of the statute. You note that K.S.A. 19-2868(i) gives park boards the power to "exchange any tract of land for lands of similar value" and you ask if the "tract of land" language limits the exchange to a singular tract owned by the park district, noting that the "lands of similar value" appears to allow the receipt of more than one tract in return. With regard to this first option, you also ask if a board may convey more than one tract of land for cash. You also ask for clarification regarding the 25% value, asking whether that applies to the value of the land conveyed, the land received in return, either of those options, or the combined value of both tracts being exchanged. You note that legislative history has provided you with no guidance on these issues.
Attorney General Opinion No. 93-34 addressed K.S.A. 19-2868(i), the language of which has not changed since that opinion was issued. As stated therein, the three provisions in subsection (i) each deal with a different type of property transaction:
"[T]he first part of the statute deals with sale of the property no longer needed for the district. The sale of property requires authorization by a majority vote. The second part of the statute deals with exchange of property. In the case of exchange of property, the district must follow notice requirements and obtain final approval by the board of county commissioners of Johnson county. The third part of the statute was added to the existing provision in 1977. This part deals with exchange, transfer, sale or lease of property to the federal, state, or local government. Obviously, this provision was added to make the district's dealings with governmental entities different from dealings with others. Without this provision, the district must follow the requirements and limitations in case of exchange of property with the governmental entity."
Attorney General Opinion No. 93-34 focuses upon the final provision concerning property conveyances between two governmental entities. Thus, your questions concerning the second procedure, exchanges of property, are of first impression requiring interpretation of the statutory language.
"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."[2]
Additional rules of statutory interpretation provide that "[a] statute is ambiguous when two or more interpretations can fairly be made."[3]
In order to ascertain the legislative intent under such circumstances, the court is not permitted to consider only a certain isolated part or parts of an act, but is required to consider and construe together all parts thereof in pari materia.[4] "Where the face of the statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested."[5] "The legislature is presumed to intend that its enactments be given a reasonable construction, so as to avoid absurd or unreasonable results."[6]
We note that only one of the three provisions for conveyance of park lands requires a vote of the electorate.[7] The other two result in the continuation of such property being used for the purpose of a public park. Tracts dedicated for public use are generally required to be used for that purpose only.[8] "The power of a municipal corporation to acquire land for and to establish and maintain a public park should be liberally construed in order that its beneficial influence may not be impeded."[9]
It is obvious that the emphasized language is designed to facilitate like-kind exchange of real estate to be used for park purposes. Neither the language nor the context of the statute appears to limit that exchange to a single tract of land. In answer to your first question, we believe that K.S.A. 77-201 Third provides the applicable statutory construction rule: "Words importing the singular number only may be extended to several persons or things, and words importing the plural number only may be applied to one person or thing. . . ." Thus, use of the singular "tract" does not impede exchange of more than one tract of park property.
Your remaining question concerns the meaning of the 25% land value phrase. You offer four potential meanings: (1) The value of the park land to be exchanged is not to be more than 25% greater than the value of land being received; (2) the value of the land being received is not to be more than 25% greater than the park land being exchanged; (3) either (1) or (2); or (4) the total value of all the land involved is encompassed in the 25%.
The phrase in question is ". . .or exchange land for land and moneytotaling the value of the land conveyed, provided that the money involveddoes not exceed 25% of the total value of the land involved. . . ." K.S.A. 19-2868(b) allows a park board to purchase real property without a public vote. Thus, the board does not need additional authority to purchase more land for park property. Given the statutory construction rules previously quoted, a fair reading of the emphasized portion of K.S.A. 19-2868(i) appears to allow an exchange to be made, that includes some monetary compensation paid to the park district, if the value of one or more of the park lands being conveyed is not valued at greater than 25% of the property being received.
This interpretation is mindful of the first portion of subsection (i), which requires that any absolute sale or other divestment of park property take place only when there is a public vote approving the conveyance. If the purpose of the second part of this subsection is to allow like-exchanges of property, without a public vote and with only the approval of the county commission, it is reasonable to conclude that the 25% of the total value of the land involved speaks only to the lands being conveyed by the park district. To read it as applicable to payment of money by the park board for property would be to limit the board in its exercise of the authority to purchase property, granted in K.S.A.19-2868(b). In addition, this interpretation is consistent with in parimateria statutory construction rules; the provisions of K.S.A. 19-2868(i) regarding sale of park properties, and requiring a public vote, continue to be followed when park property is being sold.
Thus, if a park board wishes to convey park property to any entity other than another governmental agency that will in turn continue the park use of the property, the value of the property being exchanged for other real property must not exceed 25% of the value of the property being received in return. In summary, it is our opinion that K.S.A.19-2868(i) allows park boards subject to this statute to exchange park lands for other lands to be used for park purposes, but only if the value of the park property conveyed is not more than 25% greater than the value of the property being received in exchange.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm
[1] Emphasis added.
[2] CPI Qualified Plan Consultants, Inc. v. Kansas Department of HumanResources, 38 P.3d 666, ___ Kan. ___ (2002), quoting In re Marriage ofKillman, 264 Kan. 33, 42-43 (1998) (citations omitted).
[3] Petty v. City of El Dorado, 270 Kan. 847 (2001).
[4] McCraw v. Merriam, 271 Kan. 912 (2001), quoting Kansas Comm'non Civil Rights v. Howard, 218 Kan. 248, Syl. ¶ 2 (1975).
[5] Robinett v. Haskell Co., 270 Kan. 95, 100-01 (2000).
[6] Lyon-Coffey Electric Co-Op, Inc. v. State Corporation Comm'n,31 P.3d 962, ___ Kan. App. 2d ___ 2001), citing Rockers v. KansasTurnpike Authority, 268 Kan. 110, 113 (1999).
[7] This is in part because sale of the property would negate the public use dedication imposed upon the land, without substituting another property for the same purpose. See K.S.A. 59-22a01, cy pre rule for charitable trusts, devises or bequests. Attorney General Opinion No. 99-49
property specifically dedicated for public use is for the enjoyment of the public at large, not for one person or a limited number of persons, or for the exclusive use of restricted groups of individuals.
[8] See Cooper v. City of Great Bend, 200 Kan. 590 (1968).
[9] 63 C.J.S. Municipal Corporations § 1057 (1950). See also Statev. City of Manhattan, 115 Kan. 794 (1924) and Attorney General Opinions No. 83-146, 83-179 and 84-83.